140 So.2d 463 (1962)
John E. JACKSON and Baldwin J. Allen
v.
DUPONT, INCORPORATED.
John E. JACKSON and Baldwin J. Allen
v.
SAFTICRAFT CORPORATION.
No. 5683.
Court of Appeal of Louisiana, First Circuit.
April 9, 1962.
*464 Zelden & Zelden, New Orleans, for appellants.
John E. Jackson, New Orleans, for appellees.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.

MOTION TO DISMISS
These four cases (two against each defendant) were consolidated for trial in the court below as well as for our consideration of the motions of plaintiffs-appellees to dismiss the appeals taken herein by defendants-appellants.
On December 28, 1961, defendants in all four of these consolidated cases filed separate petitions for suspensive and/or devolutive appeals which were granted by the trial court and made returnable to this court on January 29, 1962. Defendants-appellants concede that on December 28, 1961, appeal bonds were filed in each of these consolidated cases according to law but that neither appellant took any further action regarding either extension of the return dates of the respective appeals or payment to the Clerk of the trial court of the necessary filing fees required by the appellate court.
The question presented by the motion to dismiss these appeals is whether the failure to perfect an appeal may be imputed to an appellant and constitute grounds for dismissal of his appeal when appellant has failed to pay the clerk of the trial court not later than three days prior to the return date or extended return date of the appeal, the fees due the clerk of the appellate court. The following articles of LSA-C.C.P. and the provisions of our Revised Statutes are pertinent to the issue at hand:
"Art. 2125. Return day
"The return day of the appeal shall be fixed by the trial court at not more than sixty days from the date the appeal is granted, but may be extended by the trial court for sufficient cause, on the application of the clerk, or of the deputy clerk preparing the record of appeal."
"Art. 2126. Payment of costs
"The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal."
"Art. 2127. Record on appeal; preparation;
 prepayment of
 fees
"The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before *465 the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal."
"LSA-R.S. 13:4445 as amended by Act No. 38 of 1960
"§ 4445. Fees for filing record in appellate court to be paid clerk of trial courts for transmittal; costs and fees due clerk of trial court
"A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
"(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
"(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
"B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant. As amended Acts 1960, No. 38, § 1."
From the foregoing it would seem that Article 2125 and Article 2127, LSA-C.C.P. impose upon the clerk of the trial court the duty of lodging the appeal with the clerk of the appellate court on or before the return date or any extension thereof "upon timely payment to him * * * of all fees due in connection with the appeal, including the filing fee required by the appellate court * * *." (Emphasis supplied.)
In addition, Article 2125 places upon the clerk of the trial court the obligation of applying for such extensions of time as may be necessary for cause. We observe further that Article 2126 requires that appellant shall pay the clerk of the trial court, not later than three days before the return date, or extended return date all costs of preparing the record on appeal and the filing fees required by the appellate court to lodge the appeal.
Counsel for defendants-appellants argue that in view of the foregoing Articles and statutory provision failure of the trial court clerk to timely apply for an extension of the return date set, relieves appellant of the obligation to pay the fees required by Article 2126, LSA-C.C.P. until 3 days prior to such extension as may be granted. Counsel further maintains that upon payment of said fees to the clerk of the trial court it is the duty of the clerk to apply for an extension herein and, therefore, the instant appeals should not be dismissed.
In their brief filed in this court, defendants-appellants represent that on December 28, 1961, defendants paid the clerk of the lower court the sum of $20.00 in each of these consolidated cases to defray the expenses incident to preparation of the records on appeal. This contention, however, is contradicted by the certificate of the clerk of the trial court appearing in the record and in which it is stated that as of February 7, 1962, appellants had not paid "any cost for preparing the record in appeal nor has it paid the filing fee required by the appellate court to lodge the appeal."
*466 Whether or not defendants-appellants did in fact pay the cost of preparing the records or transcriptions as argued by appellants herein is immaterial in view of appellants' admitted failure to comply with the additional conjunctive provisions of LSA-C.C.P. 2126 and LSA-R.S. 13:4445, subd. A (1) requiring payment of the fees due the clerk of the appellate court. In this connection, the reporter's comments to Article 2126, LSA-C.C.P. explain the purpose and intent of the 1960 amendment to LSA-R.S. 13:4445 as follows:
"The new statute adopted to implement the above article accords with the latter, and specifies what fees the clerk of the trial court shall charge the appellant. See revised R.S. 13:4445 and 13:4446. Both this statute and the above article are intended to overrule legislatively the unfortunate and unworkable rule of Osborne v. Mossler Acceptance Corporation, supra, by: (1) making it the mandatory duty of the appellant to pay these fees to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day. If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant." (Emphasis supplied.)
The obvious purpose and intent of the hereinabove cited article and statutory provision is to accomplish a workable and definable division of responsibility between an appellant and the clerk of the trial court with respect to the perfection of appeals to the end that an appellant will not be penalized for delays over which he has no control. This does not mean, however, that an appellant is permitted, as contended by appellants herein to unilaterally extend the return date by failing to comply with obligations expressly imposed upon him by codal articles, statutory law and the rules of the appellate courts.
We have previously held that the failure of an appellant to pay to the clerk of the trial court the fees due the clerk of the appellate court for filing the record of appeal as well as the costs of transmitting the record of appeal casts the burden of failure to perfect the appeal upon appellant. Cavalier v. LaSalle, 126 So.2d 23.
Counsel for appellant cites Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62, in support of the rule that appeals are favored in the law particularly in the statutory reform of recent years which is intended to eliminate the dismissal of appeals on technical grounds. But a careful perusal of the case reveals that it in fact supports the conclusion reached here. In that case the Supreme Court, through Justice Sanders, discussing the purpose of Act No. 38 of 1960 which amended LSA-R.S. 13:4445, said:
"* * * Its purpose was to abrogate the former rule which imputed the failure to file the record timely to the appellant so as to require dismissal of his appeal. Respondents do not assert that the fees have not been duly paid. Therefore, the delay in filing the record is not imputable to the appellant. * * *" 136 So.2d 62, 66.
Considered in their relationship to each other, the cited article and statutory provision in effect provide that where a return date has been set there is no duty or obligation on the part of appellant to lodge the appeal or apply for an extension of the return date if necessary in those instances wherein the appellant has timely paid all of the fees mentioned in Article 2126, LSA-C.C.P. Under such circumstances failure to lodge the appeal is attributable to the clerk of the trial court not appellantand may not serve as the basis for the dismissal of the appeal. However, it further appears that there is no duty or obligation on the part of the clerk of the trial court to either lodge the appeal by the return date or apply for an extension *467 thereof in those instances wherein the fees provided for in LSA-C.C.P. Article 2126 are not timely paid by appellant. In these latter circumstances, fault for failing to timely lodge the appeal or apply for an extension of the return date is attributable to the appellant and constitutes basis for dismissing the appeal upon the proper motion by appellee.
In the instant case appellants having failed to timely make payment of all fees required by Article 2126, LSA-C.C.P., the appeals taken herein must be dismissed.
For the reasons hereinabove set forth, all appeals taken in these consolidated cases are hereby dismissed at appellant's costs.