ELLIS, Judge.
A hearing was held by the State Civil Service Commission on alleged violations of the Civil Service Law by E. D. Wingate, Mabel Wingate, Sarah M. Dixon and H. P. Walker. The proceeding bore Commission docket number 563 and resulted in a determination that the allegations of misconduct were true. Disciplinary action against the four employees was recommended. From that decision H. P. Walker, through his attorney, has appealed and that appeal has been lodged in this court and assigned number 6577. It is not at this time being attacked for any insufficiency.
E. D. Wingate was represented by another attorney before the Civil Service Commission who obtained a separate order of appeal on his behalf and on behalf of Mabel Wingate and Sarah M. Dixon. The return date for both the Walker and the Wingate-Dixon appeals was June 18, 1965.
Counsel for the Wingates and Mrs. Dixon ordered a transcript prepared to contain more than the one requested by counsel for Walker, resulting in a charge of $71.30 properly attributable to the Wingates and Sarah M. Dixon. This amount was not paid until June 22, 1965, nor was the $25.00 filing fee due the clerk of the appellate court paid until the 22nd in spite of the fact that counsel was notified to pay these amounts on June 7, 1965. The record was delivered to the clerk of the appellate court on the 18th. When the fees were paid the appeal was given docket number 6579 and a motion for dismissal followed. Mr. Richard C. Cadwallader became the attorney of record for appellants after June 22. This matter is now before us on appellee’s motion to dismiss.
Brasher v. Department of Highways, La.App., 151 So.2d 542, involved an appeal from a decision of the Civil Service Commission. In that case the appellant had failed to pay the $25.00 filing fee for the clerk of the appellate court. Using the following language and relying on Jackson v. Dupont, Incorporated, 140 So.2d 463, this court dismissed the appeal with the following language found at 151 So.2d page 544:
“In the Jackson case, we clearly stated that pursuant to Articles 2126 and 2127, LSA-C.C.P. the responsibility of lodging the appeal by the return date or extended return date does not devolve upon the clerk of the trial court until appellant has timely paid the filing fees required. We also held therein that failure of appellant to pay the clerk of the trial court the fees due the. clerk of the court of appeal for filing the appeal casts the burden of failure to perfect appeal upon the appellant and not the clerk of the trial court.”
There can be no doubt, therefore, that failure to timely pay the appellant filing fee or the costs of preparing the transcript for appeal is ground for dismissal of the appeal.
Appellants, however, argue that the appeal docketed as #6577 and their appeal docketed as #6579 should be treated as one. If this were done these three appellants would have been relieved of the necessity of paying the $25.00 appellate court filing fee as it was paid once by H. P. Walker. Such a consolidated treatment would also eliminate the necessity of filing an appeal bond by these three appellants as one was filed by H. P. Walker. This would, consequently, make available for the payment of the costs incurred in the preparation of the transcript, a certain $100.00 check filed April 22, 1965 by the Wingates and Dixon as an appeal bond.
It becomes necessary, therefore, for this court to determine whether or not the two appeals may be consolidated and treated as one. We are of the opinion that *3 there were two appeals, that they are not subject to treatment as a single appeal, and that the appeal taken on behalf of the Wingates and Dixon was not timely perfected.
Had one order of appeal been obtained jointly by all four employees, only one bond and one filing fee would have been required. However, there were two orders of appeal taken, one on behalf of H. P. Walker and the other, a joint order, taken on behalf of E. D. Wingate, Mabel Wingate and Sarah M. Dixon. For that reason, the case on Hernandez v. Ethyl Corporation, La.App., 83 So.2d 150, and the cases cited and quoted therein as well as the logic underlying the decision appear inapplicable.
In the Hernandez case this court held that 220 appellants who gave an appeal bond perfected the appeal as to all 520 plaintiffs. Only one order of appeal, however, had been obtained on joint motion of all 520 plaintiffs.
The jurisprudence of this state is uniform in holding that only one order of appeal, one appeal bond and one appellate filing fee is necessary for multiple appellants from a single judgment. Hernandez v. Ethyl Corporation, supra, and In Re Succession of Abraham, La.App., 136 So.2d 471. However, we have not been directed to any authority, nor have we found any, which would indicate that where multiple appellants ask for and obtain separate orders of appeal from a single proceeding and the costs are not the same amount in each appeal that the perfecting of one of these orders suffices for both.
The motion to dismiss appeal #6579 is therefore granted without effect to appeal #6577.
Appeal dismissed.