LANDRY, Judge.
This is an action in forma pauperis. In a prior decree rendered March 4, 1968, see State ex rel. Aucoin v. Blakeman, La.App., 207 So.2d 860, we made absolute an alternative writ of mandamus, certiorari and prohibition and ordered the Honorable Edmond L. Guidry, Judge, Sixteenth Judicial District Court, St. Mary Parish, to direct the Honorable Benny A. Blakeman, Clerk of said Court, to prepare and transmit the record on appeal in this matter to this court without prepayment of costs by plaintiff-appellant Henry Joseph Aucoin. Upon the failure of said Clerk to lodge the record in this court within the return date fixed by the trial court, defendants Fidelity and Casualty Company of New York (Fidelity) and Athena, Inc. have moved to dismiss the appeal. For reasons hereinafter set forth, we find the motion to dismiss has become moot.
It suffices to relate that our former opinion ordered the judge of the trial court to direct respondent Clerk to transmit the record in this matter to this court without payment of costs by appellant-relator Henry Joseph Aucoin or without said appellant posting bond therefor. The record was not lodged in this court by the return date fixed by the trial court and no extension of said return date was obtained. After expiration of the return date, the Clerk of the trial court lodged the record in this court pursuant to our former decree. Defendant then filed this motion to dismiss on the ground the lodging of the record was tardy. To their motion, appellees attached the affidavit of the Honorable Benny A. Blakeman, Clerk of Court, stating in substance that upon completion of the record, he requested payment by appellant of the sum of $4.00 to defray the express charge for transporting the record to this court. The affidavit further relates that appellant declined to pay said freight *749 charge on the ground he is exempt therefrom considering this action is in forma pauperis. Finally, the affidavit recites said Clerk’s refusal to pay said express charges because LSA-C.C.P. Article 5185 expressly exempts public officers from making a cash outlay to perform any duty incumbent upon him incident to an appeal in forma pauperis. Nevertheless, as previously shown, the Clerk of the trial court has in fact transmitted the record to us.
Pursuant to LSA-C.C.P. Articles 2126 and 2127, it is appellant’s duty to timely pay costs of appeal whereupon it becomes the obligation of the Clerk of the trial court to lodge the record in the trial court. See Downey v. Bellue, La.App., 178 So.2d 778, and authorities therein cited.
If the appellant timely pays costs for which he is liable on appeal, but the Clerk of Court nevertheless fails to complete the record and timely lodge same in the appellate court, the responsibility for such dereliction rests upon the Clerk and not appellant. Under such circumstances, the appeal will not be dismissed because it was not timely lodged. Brasher v. Department of Highways, La.App., 151 So.2d 542.
In the instant case, plaintiff having been authorized to sue in forma pauperis was exempt from payment of costs. Consequently, upon plaintiff taking his appeal, it became the duty of the Clerk of the trial court to prepare and timely lodge the record of appeal in this court by the return date fixed by the trial judge. The delay which resulted did not arise from appellant’s failure to timely pay the costs of appeal inasmuch as appellant was exempt from such payment. Said delay, being occasioned solely by the action of the Clerk of the Court below, may not prejudice plaintiff’s appeal. Brasher v. Department of Highways, supra.
Accordingly, the motions to dismiss this appeal are denied.
Motions denied.