LANDRY, Judge.
Plaintiff-appellee, Guy F. Cobb, has moved this court to dismiss the suspensive appeal taken herein by defendant Curtis J. Bergeron (Marks Automobile Discount Center), (Marks), because of said appellant’s alleged failure to pay the filing fee required by this court within the time provided for in LSA-C.C.P. Article 2126. We remand this matter to the trial court for further proceedings in conformity with the views hereinafter expressed.
In the lower court judgment was rendered in favor of plaintiff and against defendant on March 1, 1968. Following denial of defendant’s application for new trial on April 30, 1968, a suspensive appeal was taken by defendant on May 10, 1968, and made returnable July 10, 1968. Apparently appellant timely posted the required appeal bond and all fees necessary for preparation of the record. An extension of the return date to August 9, 1968, was duly obtained but the filing fee of $25.00, required to be paid this court, as provided for by LSA-R.S. 13:352, has never been paid hence this motion to dismiss.
As urged by appellee, appellant’s failure to timely pay the fee in question is ground for dismissal of an appeal where such delay is attributable to the fault of appellant. La.C.C.P. Articles 2126 and 2127; Revere v. Wiregrass Gas & Appliance Co., La.App., 169 So.2d 120; Jackson *484 v. Dupont, Incorporated, La.App., 140 So. 2d 463.
A dispute concerning the timely payment of a filing fee is one of fact to be resolved in the light of the events attending each particular case.
In support of his motion to dismiss, ap-pellee has produced an affidavit by the Minute Clerk of the lower court. The deposition recites that the filing fee in question has never been paid by appellant despite oral notice to both attorneys appearing as counsel of record on appellant’s behalf.
In response to the rule nisi issued by us on motion of appellee to dismiss, an affidavit by one of appellant’s counsel has been entered of record. Said attestation acknowledges the fee in question has not been paid. It relates, however, that failure to pay the fee is due to the procedural policy adopted by the lower court. The affirmation further explains that the Clerk of the lower court directed counsel to pay the fee directly to the Court of Appeal in keeping with the practice of the trial court to decline acceptance of such fees and require their payment directly to the appellate court.
Apropos the matter at hand are the provisions of LSA-C.C.P. Article 2126 which mandatorily require payment of the appellate court filing fee stipulated in La.R.S. 13:352, be made to the clerk of the trial court.
Upon timely payment by appellant of all fees due in connection with his appeal, including the filing fee for lodging the appeal as required by La.R.S. 13:352, all further responsibility for preparing and lodging the appeal vests in the clerk of the trial court. LSA-C.C.P. Article 2127.
In the official reporter’s comments upon Article 2126, supra, we note the following pertinent observations:
“ * * * The above article applies generally to all appellate courts the procedure which has worked so well in the courts of appeal, first and second circuits, of imposing the duty of lodging the record of appeal in the appellate court on the clerk of the trial court, and requiring the appellant to pay the clerk of the trial court the filing fee in the appellate court, as well as all costs due the trial court clerk for preparing the record.
“The new statute adopted to implement the above article accords with the latter, and specifies what fees the clerk of the trial court shall charge the appellant. See revised R.S. 13:4445 and 13:4446. Both this statute and the above article are intended to overrule legislatively the unfortunate and unworkable rule of Osborne v. Mossier Acceptance Corporation, supra, by: (1) making it the mandatory duty of the appellant to pay these fees to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day. If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant. (Emphasis ours.)
Unquestionably, the foregoing codal authorities require that the fee in question be paid to the clerk of the trial court, not the clerk of the court of appeal. See the Revere and Jackson cases, supra.
If the circumstances narrated in the affidavit filed by appellee are correct, this appeal must be dismissed. Revere and Jackson, supra. On the other hand, if the clerk of the lower court declined to accept appellant’s offer to pay said fees, as charged in appellant’s affidavit, appellee’s motion to dismiss is without merit.
We do not, however, deem it advisable to adjudicate the controversy on the basis of ex-parte affidavits. Rather, we believe the ends of justice will be best served by a remand of this matter to the *485 trial court for the taking of such testimony as the parties may see fit to adduce concerning the issue in dispute. This will afford opportunity for all concerned to make full disclosure, in a contradictory proceeding allowing for cross-examination, of their respective positions.
Accordingly, it is ordered, adjudged and decreed that this matter be and the same is hereby remanded to the lower court for further proceedings consistent with the views herein expressed; assessment of costs incident to this motion to dismiss being deferred until final determination of said motion.
Remanded.