LANDRY, Judge.
This matter is before us for the second time on motion of plaintiff-appellee Guy F. Cobb to dismiss the suspensive appeal taken by defendant Curtis J. Bergeron (Marks Automobile Discount Center, Garnishee).
As stated in our earlier opinion rendered May 26, 1969, 223 So.2d 483, the basis for this motion to dismiss is appellant’s alleged failure to timely pay the $25.00 filing fee required to be paid this Court by .virtue of LSA-R.S. 13:352. We remanded this matter to the trial court for the taking of testimony to determine whether appellant was at fault in failing to pay the fee on time.
We commence our discussion by noting that LSA-C.C.P. Article 2126 requires that payment of the appellate court filing fee provided for by LSA-R.S. 13:-352 be made to the Clerk of the trial court. The statute is general in application, hence it applies to and includes the City Court of the City of Baton Rouge. It follows that the $25.00 filing fee due this Court of Appeal herein pursuant to LSA-R.S. 13:352 is properly payable to the Clerk of the City Court for the City of Baton Rouge.
The evidence establishes that it has been the custom of the Clerk of the City Court involved herein (Clerk) not to accept payment of the appellate court filing fee from appellants because of the detailed bookkeeping required in depositing the money in the Clerk’s a'ccount and forwarding the fee to the Clerk of the appellate court.
It is also shown that the Clerk customarily notifies an appellant when the transcript is ready and requires counsel for appellant to assume responsibility for lodging the record .in the appellate court and paying the appellate court filing fee directly to .the Clerk of this court.
It suffices to state that prior to the extended return date, counsel for appellant paid all costs incurred in the trial court and attempted to pay the filing fee due this court. Counsel was advised by one or more employees of the Clerk’s office that *324 said filing fee was payable directly to the Clerk of the Court of Appeal and would not be accepted by the trial court Clerk. Thereupon counsel for appellant attempted to pay the filing fee to the Clerk of this court who properly declined acceptance because the record had not yet been lodged in this court and no record of appeal could be made until the record was received. After the record was lodged in this court, counsel for appellant paid the filing fee to the Clerk of this court.
LSA-C.C.P. Article 2127 provides m clear and unmistakable language that it is the mandatory duty of the Clerk of the trial court to lodge the record in the appellate court on or before the return date fixed by the trial court or any extension thereof upon timely payment to him by appellant of all fees due in connection with the appeal including the filing fee required by the Court of Appeal to lodge the appeal.
It is settled law that once an appellant has timely paid all costs and filing fees due, the duty then rests exclusively upon the Clerk of the trial court to lodge the record in the appellate court before the return date and to obtain all necessary extensions thereof. Aucoin v. Fidelity and Casualty Co. of New York, La.App., 212 So.2d 748.
Here the failure to pay the filing fee due this court did not result from appellant’s fault. The refusal of the Clerk of the trial court to accept the tendered fee was in express violation of the terms of LSA-C.C.P. Article 2127. Appellant’s offer of payment was tantamount to payment under the circumstances shown.
We take this opportunity to direct the Clerk of the trial court to henceforth accept the filing fee due this court when tendered by an appellant. We likewise direct the Clerk of the trial court to discontinue the unauthorized practice of requiring counsel for appellants to assume responsibility for physically lodging the record oí appeal m this court after the transcript is prepared and all filing fees paid. This duty rests upon the Clerk of the trial court. LSA-C.C.P. Article 2127.
Appellee’s motion to dismiss this appeal is denied.