SARTAIN, Judge.
The motion to dismiss this appeal is based on the grounds that the record was not lodged in this court on or before the extended return day and that the delay was caused by the fact that the payment of costs and fees by appellants was not timely.
The record reflects that the original return day for this suspensive appeal was June 26, 1970. An extension was obtained making the extended return day September 26, 1970. This latter date, however, was a Saturday, a legal holiday. Accordingly, under the provisions of Article 5059 of the Louisiana Code of Civil Procedure the return day would be extended to the next legal day, which in this case was Monday, September 28, 1970. Mansur v. Abraham, 183 La. 633, 164 So. 421 (1935) ; Perkins v. Director of Personnel, 197 So. 2d 116 (La.App. 1st Cir., 1967).
Appellants, however, did not pay the costs of preparing the record for appeal and the required filing fee until September 28, 1970. On this date the Clerk of Court mailed the record to this court and the same was received on September 30, 1970.
Attached to appellees’ motion is an affidavit from the Clerk of Court of the Sixteenth Judicial District, St. Mary Parish, Louisiana, which declares that the record was completed and ready for filing on September 4, 1970 and that appellants were furnished with a statement of costs. The clerk further deposed that the payment for such costs was not received by him until 2:15 P.M. o’clock on September 28, 1970, and that he immediately thereafter deposited the record in the U. S. mail, postage prepaid, addressed to this court.
Appellants, in their answer and opposition to the motion to dismiss attached another affidavit from the Clerk of Court setting forth the fact that on September 16, 1970, his deputy clerk, Joyce Faucheaux, was requested to furnish appellants an itemized statement. Inasmuch as Mrs. Faucheaux was out of the office the itemized statement was not furnished until September 21, 1970.
Also attached to appellants’ brief in opposition to the motion is the Clerk of Court’s itemized statement and an affidavit by appellants’ counsel of record urging that, there is a discrepancy between the initial statement of costs furnished by the Clerk and the itemized statement as represented by the Clerk’s cost sheet.
Counsel for appellants further deposed that he had no personal knowledge of and was not notified prior to the morning of September 28, 1970 of the exact date of the return day as extended and after being so notified by the Clerk’s office, counsel then paid on that date the amount of the original bill. Counsel for appellants further contends that the original statement was not paid because of “discrepancies” noted in the itemized cost sheet.
The responsibility of preparing and transmitting the record for appeal rests with the clerk of the trial court. It is also the responsibility of the trial court to see that the record is “lodged with” the appellate court on or before the return day or any extension thereof “upon the timely payment” by the plaintiff of any fees in connection with the appeal. C.C.P. Art. 2127. However, C.C.P. Art. 2126 clearly provides that all costs shall be paid by the *519 appellant to the clerk of court “not later than three days prior to the return day or extended return day”. This requirement is for the obvious purpose of providing the clerk with three days to see that the record reaches the appellate court on or before the return day.
Counsel for appellants also argues that inasmuch as the return day fell on a Saturday the lodging of the record would have been timely if the same was accomplished on September 28, 1970. Appellants urge that the mailing of the record to this court on the 28th constitutes lodging. With this contention we cannot agree.
There are certain exceptions which are specifically enumerated in the Uniform Rules of Courts of Appeal which state that the mailing of certain documents is permissible, i. e., briefs, applications for rehearings, etc. The record itself is not included as an exception nor do we think that it should be. The timely lodging of a record with a Court of Appeal goes directly to the jurisdiction of the Court of Appeal over the subject matter.
Our perusal of the itemized cost sheet and the general statement furnished to appellants does not clearly reflect to us the discrepancy complained of by appellants which is appellants’ explanation for not paying the costs timely.
If there is in fact a legitimate controversy through no fault of appellants, then the delay in payment should not be imputed against appellants. However, if there is no discrepancy, we believe that appellants had ample time to satisfy the cost requirements. To resolve this issue we conclude that this matter should be remanded to afford appellants and appellees an opportunity to offer evidence in support of their respective positions, which evidence shall then be forwarded to this court for us to determine whether or not the fault rests with the appellants in declining to pay the bill for costs or the Clerk of Court in forwarding and requesting payment on an erroneous statement.
Remanded.