SUMMERS, Justice.
Leona Howard filed suit individually and on behalf-of her minor child, Sharon Faye Howard, to recover damages for the death of her husband, Hardy Howard, Jr., as a result of a gtmshot wound inflicted by *219 the defendant Marvin L. Mobley. Also named defendants were Mobley’s general liability insurer, Central Mutual Insurance Company; his employer Southern Truck Service, Inc., and its insurer, Hardware Mutual Casualty Company.
Judgment was rendered in the trial court on December 10, 1970 in favor of Leona Howard individually against Marvin L. Mobley, Southern Truck Service and Hardware Mutual. The claim against Central Mutual, Mobley’s general liability insurer, was rejected. The trial court also denied the claim asserted by Leona Howard as tutrix on behalf of the minor Sharon Faye Howard, a posthumous child, born two and one-half months after her father Hardy Howard, Jr.’s death, the court finding that the record did indicate that the father would not have supported the child if he had lived.
Hardware Mutual and Southern Truck Service moved' for and obtained an order of suspensive appeal to the First Circuit returnable March 10, 1971. The required appeal bond was duly filed. On separate motion by Leona Howard, a separate order of devolutive appeal was signed granting her an appeal returnable on May 10, 1971. Bond for this appeal was also timely furnished. These appeals were answered by Mobley seeking reversal of the finding that .he was negligent; and, alternatively, he asserted coverage for his actions under Hardware Mutual’s policy,
Within extensions of the return day granted by the trial judge, the suspensive appeal of Hardware Mutual and Southern Truck Service was timely lodged in the Court of Appeal on April 23, 1971. The case was set for hearing, but on May 12, 1971, prior to the hearing date, Hardware Mutual and Southern Truck Service moved to dismiss Leona Howard’s appeal for failure to timely pay the $25 filing fee fixed by La.R.S. 13:352(1) and required to be paid by Article 2126 of the Code of Civil Procedure and Rule I, Sec. 10, Uniform Rules, Courts of Appeal.
An opposition filed by Leona Howard to the motion to dismiss contained the following affidavit by her attorney:
. On or about March 1, 1971, he mailed to the Honorable Perry Johnson, Clerk of Court, Parish of East Baton Rouge, a motion and order for appeal in the above numbered and entitled matter and that within the next few days he went to the office of the Clerk of Court in East Baton Rouge Parish to inquire whether any additional costs were needed to be advanced by plaintiff’s counsel for the appeal and was advised by an employee of the Clerk’s office that the record of appeal had already been paid for and that no additional costs were necessary and that more than enough money had previously been deposited with the Clerk to cover all costs and charges.
*221 That relying on such advice he made no further advances to the Clerk. That plaintiff’s counsel is unable to identify the person with whom he talked other than knowing it was a woman employee of the Clerk’s office.
On June 30, 1971, the Court of Appeal sustained the motion to dismiss Leona Howard’s appeal for failure to pay the $25 filing fee. La.App., 251 So.2d 642. In the Hardware Mutual and Southern Truck Service appeal the judgment of the trial court was affirmed on September 3, 1971, and the contentions in Mobley’s answer to the appeal were rejected. Since Leona Hardy’s appeal had been dismissed, the Court was unable to consider the claim for damages on behalf of the minor child. La.App., 253 So.2d 555.
Writs were granted on Leona Howard’s application, individually and on behalf of the minor, to review the judgment dismissing her appeal. 259 La. 769, 252 So.2d 667.
In this court counsel for plaintiff Leona Howard filed an affidavit of the Clerk of the District Court which reads:
That he is Perry M. Johnson, Jr. Chief Deputy Clerk of Court of the Parish of East Baton Rouge and has held such position since before January, 1971. That in reviewing the record of Suit Number 129,553 of the docket of the Nineteenth Judicial District Court, being “Mrs. Leona Howard, et al VS Hardware Mutual Casualty Company, et al.” and in particular upon having examined the cost bill pertaining to said suit that the records of the office of the Clerk of Court show that the attorneys for plaintiffs, Sims, Mack & Sims of Hammond, Louisiana, had made total deposits with the Clerk of Court’s office prior to March 11, 1971 of $163.10. That on the return date for the devolutive appeal on behalf of the plaintiff, Leona Howard, there was an amount of costs paid in by plaintiffs in excess of the $25.00 docketing fee required to docket an appeal with the Clerk of the Court of Appeal, First Circuit.
Further examination of the cost records of this case shows that without any further deposits on behalf of plaintiffs, Leona Howard, et al., that on September 24, 1971, that the excess of deposits over costs were $7.77.
Further examination of the cost records of the Clerk of Court shows that no check for $25.00 was issued by the Clerk of Court of East Baton Rouge Parish to the Clerk of the First Circuit Court of Appeal on behalf of plaintiffs, Leona Howard, et al.
It is plaintiff Howard’s contention that in perfecting their suspensive appeal Hardware Mutual and Southern Truck Service paid the $25 filing fee and costs of preparing the record for appeal. Plaintiff’s fail *223 ure to pay the $25, therefore, became a moot question for only one $25 fee was required to lodge the two appeals.
This argument has no merit. Article 2126 of the Code of Civil Procedure provides :
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.
This article implies that each appellant must pay the $25 filing fee required by the appellate court to lodge his appeal. And although cost of preparing the record is only paid one time, each separate appeal must-be supported-by the $25 filing fee required--by Article 2126. However, where the' motion for appeal is made jointly by several appellants, and the appeal is granted to, them jointly, only one appeal bond and one filing fee for the Court of Appeal is required of the joint appellants. This rule is announced by the First Circuit in In re Wingate, 189 So.2d 1 (La.App.1966). It is supported by the law and approved.
Ordinarily these findings would support the dismissal of plaintiff’s appeal. In this State, however, appeals are favored and a failure to pay the filing fee required to lodge the appeal, not imputable to appellant, does not result in the dismissal of the appeal. La.Code Civ.P. arts. 2127, 2161; La.R.S. 13:352(1), 13:4445(A); Louisiana Power & Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970).
The question, then, is whether the failure to pay the filing fee in this case is imputable to appellant Leona Howard.
The affidavit of the Clerk of Court appears to support the conclusion that sufficient funds had been deposited by plaintiff with the Clerk’s office to entitle her to a credit of $25, enough to cover the filing fee needed to lodge her appeal with the Court of Appeal. Moreover, counsel’s affidavit that he made inquiries in the Clerk’s office concerning the costs for appeal and was told they were paid would, perhaps, support the conclusion that plaintiff tendered costs. These matters are not clear, however, and we are reluctant to adjudicate the issue on the basis of these ex parte affidavits. Cobb v. Bergeron, 223 So.2d 483 (La.App.1969). The ends of justice would be best served by a remand to the district court for the taking of testimony to clarify the facts on the issue in dispute. This will afford all parties an opportunity to support their respective claims with proper evidence.
Accordingly, it is ordered that the judgment of the court of appeal dismissing plaintiff’s appeal be set aside, and- the case is remanded to the lower Court- for-further proceedings consistent- with the- view's- expressed.