LANDRY, Judge.
Plaintiff-movant seeks to dismiss the appeal of defendant, Pargas, Inc., and Par-gas’ insurer, Aetna Life and Casualty Company (Appellants), from judgment granting plaintiff workmen’s compensation benefits for injuries sustained while in Pargas’ employ on or about September 25, 1969.
The motion to dismiss is denied upon our finding no merit in movant’s complaint that he was prejudiced by the failure of the clerk of the trial court to lodge the transcript in the appellate court within the ordinary and usual return date of sixty days as provided for by law.
After rendition of judgment below on November 12, 1971, defendants sought and were granted a new trial limited to the issue of penalties and attorney’s fees. Upon the signing of an amended judgment on March 13, 1972, defendants suspensively appealed that same date. The return date was set for May 8, 1972. The judgment was amended a second time on March 17, 1972, to correct mathematical errors. Sus-pensive appeal bonds were posted by appellants on March 17 and 24, 1972. On April 28, 1972, the clerk of the trial court obtained an extension of the return date to June 30, 1972. The record was lodged in this court June 19, 1972. It is not contended that appellants failed to timely pay the costs of appeal or the filing fees due this court. The record discloses the Clerk of the trial court obtained an extension of the May 8, 1972 original return date on the ground the transcript had not been completed since it had not been received on the date of his application for the extension.
LSA-C.C.P. art. 2161 expressly provides that an appeal shall not be dismissed for an error, defect or irregularity save one which is attributable to appellant himself.
Once an appellant has timely appealed, timely posted his bond and paid all costs and filing fees, all further responsibility for perfecting the appeal devolves exclusively upon the Clerk of the trial court. LSA-C.C.P. arts. 2125, 2127; LSA-R.S. 13:4445; Jackson v. Dupont, In *664 corporated, La.App., 140 So.2d 463; Cobb v. Bergeron, La.App., 244 So.2d 322; Aucoin v. Fidelity and Casualty Co. of New York, La.App., 212 So.2d 748.
We find no irregularity in the case at hand. It is discretionary with the trial court to grant an extension of the return date when good cause for an extension is shown. Movant has neither alleged nor shown any abuse of the trial court’s discretion in this regard. Assuming, for argument’s sake, a defect or irregularity were shown herein, it cannot be imputable to appellant under the circumstances.
The motion to dismiss the appeal is denied.
Motion denied.