LOTTINGER, Judge.
This is a suit filed by Mrs. Leona Howard, individually and for and on behalf of her minor child, and against Marvin L. Mobley, his employer, Southern Truck Service Company, Inc., and its insurer, Hardware Mutual Casualty Company, for damages resulting from the death of petitioner’s estranged husband as a result of a shooting. The Lower Court awarded judgment in favor of petitioner, individually in the sum of $5,339.50, and refused to award any damages to the minor child of deceased. Both parties have appealed.
*193 This is the second time this matter has been before this Court, 251 So.2d 642. On the first time the matter was dismissed because of the failure of petitioner, or her attorney, to pay the necessary filing fees. A Writ of Certiorari was granted by the Supreme Court on this issue and the case remanded by the Supreme Court, 262 La. 216, 263 So.2d 13, for the taking of evidence on the question of whether or not the failure to pay the filing fees should be attributable to petitioner and/or her attorney. Pursuant to this remand, testimony on this issue was heard by the trial judge on October 5, 1972, and after hearing the evidence, the trial judge held that the failure to advance these costs should not be attributable to petitioner’s attorney and that, accordingly, the appeal should have not been dismissed. From this judgment, the defendant has appealed. Petitioner, out of precaution also took an appeal in order that the whole record would be before this Court.
Following the granting of writs by the Supreme Court to review our original judgment dismissing the appeal of Leona Howard, individually and on behalf of her minor child, the Supreme Court said:
“The affidavit of the Clerk of Court appears to support the conclusion that sufficient funds had been deposited by plaintiff with the Clerk’s Office to entitle her to a credit of $25, enough to cover the filing fee needed to lodge her appeal with the Court of Appeal. Moreover, counsel’s affidavit that he made inquiries in the Clerk’s office concerning the costs for appeal and was told they were paid would, perhaps, support the conclusion that plaintiff tendered costs. These matters are not clear, however, and we are reluctant to adjudicate the issue on the basis of these ex parte affidavits. Cobb v. Bergeron, 223 So.2d 483 (La.App.1969). The ends of justice would be best served by a remand to the district court for the taking of testimony to clarify the facts on the issue in dispute. This will afford all parties an opportunity to support their respective claims with proper evidence.
Accordingly, it is ordered that the judgment of the court of appeal dismissing plaintiff’s appeal be set aside, and the case is remanded to the lower court for further proceedings consistent with the views expressed.”
Thus, we find that the Supreme Court remanded this matter to the District Court solely for the taking of testimony as to whether the failure to pay the filing fee was that of plaintiff or her attorney. The jurisdiction of the matter to be determined remains in the Supreme Court and the only matter referred to the Trial Court was the taking of further evidence. This Court, therefore, is without power to determine the matters at issue.
R.S. 13:4441 provides in part that:
“When an appeal is taken and perfected to an appellate court having no jurisdiction thereof, the court to which it is taken may transfer it to the court having jurisdiction thereof, instead of dismissing the appeal. The appellate court to which the appeal is transferred shall proceed as if the appeal had been taken to it originally.”
' Article 2162 of the Louisiana Code of Civil Procedure further provides in part as follows:
“If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe.”
The sole purpose of the remand was for the taking of evidence. The Supreme Court did not divest itself of jurisdiction in remanding the case and, therefore, the proper forum for the determination of the issues in question is with the Supreme Court.
For the reasons hereinabove assigned, this matter will be transferred to the Supreme Court.
Case transferred to the Supreme Court.