286 So.2d 334 (1973)
Mrs. Leona HOWARD et al.
v.
HARDWARE MUTUAL COMPANY et al.
No. 51653.
Supreme Court of Louisiana.
December 3, 1973.
*335 Velma P. O'Neal, Robert J. Mack, Joseph A. Sims, Jr., Sims, Mack & Sims, Hammond, for plaintiffs-applicants.
Daniel R. Atkinson, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for defendants-respondents.
SANDERS, Chief Justice.
This matter is before us, for the second time, to review a decision by the First Circuit Court of Appeal, wherein the plaintiff's appeal was dismissed for failure to pay the $25.00 filing fee. 251 So.2d 642. See also 277 So.2d 192.
We remanded this matter to the trial court for the taking of testimony to determine whether the failure to pay the filing fee in this case was imputable to the appellant, Leona Howard, 262 La. 216, 263 So. 2d 13 (1972).
The suit arose when the plaintiff, Leona Howard, sued to recover damages, for herself and her minor child, Sharon Faye Howard, because of the death of her husband, Hardy Howard, Jr., from a gunshot wound inflicted by the defendant, Marvin L. Mobley. Mobley's general liability insurer, Central Mutual Insurance Company; his employer, Southern Truck Service, Inc; and its insurer, Hardware Mutual Casualty Company were named as defendants in this suit.
After trial on the merits, judgment was rendered in favor of Mrs. Howard, individually, for $5,339.50, against Hardware Mutual, Southern Truck Service and Mobley. The suit was dismissed as to Central Mutual. No damages were awarded to plaintiff on behalf of the minor child, Sharon Faye Howard, born two and one-half months after her father's death, the court finding that the father would not have supported the child if he had lived.
Hardware Mutual and Southern Truck Service moved for and received an order of suspensive appeal to the First Circuit Court of Appeal, returnable on March 10, 1971. The necessary appeal bond was filed.
Leona Howard was granted an order for a devolutive appeal, with a return date of March 10, 1971. A bond for this appeal was timely filed.
Mobley filed an answer to these appeals wherein he sought a reversal of the finding *336 that he was negligent; and alternatively, he asserted coverage under Hardware Mutual's policy.
The record was completed and lodged with the Court of Appeal on April 23, 1971. On May 12, 1971, prior to the hearing date, Hardware Mutual and Southern Truck Service moved to dismiss Leona Howard's appeal on the grounds that she had failed to timely pay the $25.00 filing fee fixed by LSA-R.S. 13:352(1), as required by Article 2126 of the Louisiana Code of Civil Procedure and Rule I, Section 10, Uniform Rules, Courts of Appeal.
Leona Howard filed an opposition to the motion to dismiss, consisting of an affidavit by her attorney. The affidavit contained a statement to the effect that the attorney had inquired as to the sufficiency of funds on hand in the office of the Clerk of Court in East Baton Rouge Parish with regard to coverage for the plaintiff's appeal. The response, as set forth in the affidavit, explained that enough money had been previously deposited and that no additional costs were necessary.
On June 30, 1971, the Court of Appeal dismissed Leona Howard's appeal, for failure to pay the $25.00 filing fee. 251 So.2d 642. In the Hardware Mutual and Southern Truck Service appeal, the judgment of the trial court was affirmed on September 3, 1971, and the contentions in Mobley's answer to the appeal were rejected. Since Leona Howard's appeal had been dismissed, the court was unable to consider the claim for damages on behalf of the minor child. 253 So.2d 555.
Writs were granted by this Court on Leona Howard's application, individually and on behalf of the minor, to review the judgment dismissing her appeal. 259 La. 769, 252 So.2d 667.
On October 5, 1972, after remand, the district court heard testimony from Leona Howard's attorney and employees of the clerk's office for the district court in East Baton Rouge Parish, regarding the filing fee. Based upon this testimony and the documentary evidence, the district court found that there were insufficient funds, at the time of the appeal, to cover the filing fee of Leona Howard. The district court further found that appellant's attorney had inquired regarding the sufficiency of money on hand and was assured that there were sufficient funds to cover his appeal.
Based upon these findings, the court concluded:
"I feel that, to answer the question of the Supreme Court, that the failure to pay the filing fee was not imputable to the fault of Mr. Mack and, thus, imputable to his client, the appellant, Leona Howard."
The finding of the trial judge on this factual issue is entitled to great weight. We adopt it.
The law favors appeals. Thus, they are to be maintained unless legal grounds for dismissal are clearly shown. La. Power and Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Portier v. Marquette Casualty Co., 245 La. 702, 160 So.2d 585 (1964); Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62 (1961); Richardson v. Richardson, La. App., 264 So.2d 699 (1972); In re Roberts, La.App., 257 So.2d 473 (1972).
Article 2161 of the Louisiana Code of Civil Procedure provides:
"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in *337 Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." (Italics ours).
In the present case, no "irregularity, error or defect" appears in the record. The Howard appeal, with the completed record, was timely lodged in the Court of Appeal. The sole dispute centers around the failure to pay the necessary filing fees.
We have found that the failure to timely pay the filing fee was due to no fault of the appellant. She has been ready and willing to pay an accurately determined cost deficit at any time. Moreover, once the appeal has been timely lodged in the appellate court, the non-payment of the filing fee within the three-day period fixed by Article 2126 LSA-C.C.P., is no longer fatal to the appeal. See Suire v. Patin's Tire Service, La.App., 251 So.2d 182, writ ref., 259 La. 811, 253 So.2d 68 (1971); Delaware Imp. Corp. v. Shall, La.App., 243 So.2d 75 (1971). See also Vogt v. Wheat, La.App., 222 So.2d 579 (1969).
The respondents rely upon our decision in La. Power and Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970). In that case, however, the appeal was not timely lodged in the Court of Appeal. Hence, the case is distinguishable.
We hold that the appeal was improperly dismissed.
For the reasons assigned, the judgment of the First Circuit Court of Appeal, dismissing the appeal, is reversed. The case is remanded to that court for a consideration of the merits. The costs in this Court are taxed against the respondents. The assessment of all other costs relating to the appeal will await the outcome of the case.