297 So.2d 463 (1974)
Milford HUFF et al., Plaintiffs-Appellants,
v.
John B. CALDWELL et al., Defendants-Appellees.
No. 12409.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1974.
Hamilton, Carroll & Miller by Donald K. Carroll, Oak Grove, for Milford Huff and Betty Marie Huff, plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by R. L. Davis, Jr., Monroe, for Employers Commercial Union Ins. Co., defendant-appellant.
Cotton & Bolton, by W. D. Cotton, Rayville, for John B. Caldwell, Jr., Sarah E. Caldwell, and Southern Farm Bureau Cas. Ins. Co., defendants-appellees.
Before AYRES, BOLIN, PRICE, HALL and WILLIAMS, JJ.
ON MOTION TO DISMISS APPEAL
AYRES, Judge.
Plaintiffs, Milford Huff and Betty Marie Huff, instituted this action for damages against Employers Commercial Union Insurance Company of America, John B. Caldwell, Jr., Sarah E. Caldwell, and Southern Farm Bureau Casualty Insurance Company in connection with an automobile accident. Judgment was rendered in favor of Betty Marie Huff against Employers Commercial. The court rejected plaintiffs' demands concerning all other defendants. There was judgment, however, in favor of Southern Farm Bureau Casualty Insurance Company, plaintiff-in-reconvention, against Milford Huff and Employers Commercial Union Insurance Company of America, in solido, for the principal sum of $1,536.74.
On the date of the judgment, December 24, 1973, orders of appeal, suspensive and devolutive, were granted on behalf of Milford Huff, Mrs. Betty Marie Huff, and Employers Commercial Union Insurance Company of America. On February 19, 1974, these parties filed written motions for devolutive appeals, which were granted. The return date was set for March 15, 1974. The appeal bonds had been posted, and on March 6, 1974, the clerk of the Fourth Judicial District Court for the Parish *464 of Morehouse notified the attorneys for the appellants that the transcript of appeal was ready for filing and submitted to them a statement of costs in the sum of $507.90, which included $35.00 for preparation of the transcript of the appeal and $25.00 for the filing fee in this court. Appellants did not respond to this letter until after the expiration of the delay for lodging the transcript in the Court of Appeal. On April 4, 1974, appellants paid to the clerk of court part of the costs of the appeal.
On the basis of appellants' failure to timely pay the costs of the appeal, movants John B. Caldwell, Sarah E. Caldwell, and Southern Farm Bureau Casualty Insurance Company filed, under date of May 16, 1974, this motion to dismiss the appeal. The statutory basis of this motion lies in La.Code of Civil Procedure Arts. 2125, 2126, 2127, and in La.Revised Statute 13:4445. These articles assign the responsibility to the appellant to pay the costs of the appeal not later than three days before the return date, or extended return date of the appeal fixed by the trial court.
Appellants rely on La.Code of Civil Procedure Art. 2161 for their defense to this motion. It reads as follows:
"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
They allege that the fault lies with the clerk of court in not informing them of the exact costs of the appeal. The clerk's letter of March 6, 1974, addressed to one of counsel, and a copy furnished the others of appellants' counsel, is the center of the controversy:
"Enclosed you will find a notice and a copy of the bond filed by Mr. Davis. The total cost due in the above suit is $507.90, including the fee for preparing the suit and filing fee to the Court of Appeals [sic]. This does not include the payment direct for depositions to Mr. Orville Elkin.

* * * * * *
"... I am sending Mr. Davis a copy of this letter and the two of you may get together on the costs. Please let me know by the end of the week since the case is due on the fifteenth (15th). Thank you."
We find that this letter was sufficient to inform appellants of the exact costs of their appeal and the necessity of depositing the filing fee; and, in fact, we see no ambiguity whatsoever in the information relayed to appellants.
Defendants rely on the case of Martin v. Garlotte, 248 So.2d 37 (La.App., 1st Cir., 1971), concerning the instructions in the clerk's letter regarding photostatic pages being properly taxed as a cost of court. A reading of this case discloses there was a controversy over costs that was more complex than the one in the instant case. The First Circuit there dismissed the appeal and found the fault imputable to the appellant.
Defendants also cite Gremillion v. Rinaudo, 240 So.2d 237 (La.App., 1st Cir., 1970). We find that case distinguishable, for the appellant was not notified at all of the costs of the appeal before the expiration of the return date. Appellant was notified of the costs before the return date in the instant case.
*465 The same court that decided the Rinaudo case subsequently decided the case of Hunt v. Winn Dixie Louisiana, Inc., 276 So.2d 900 (La.App., 1st Cir., 1973). In this opinion, the court held:
"It is the duty of Appellant to keep informed of the return date, and the amount of the fees and costs he must pay. Failure to timely pay the required charges is attributable to Appellant, and incurs the penalty of forfeiture of his appeal. Louisiana Power & Light Company v. Lasseigne, above [255 La. 579, 232 So.2d 278 (1974)]."
We find the jurisprudence settled concerning the duty of appellant to timely pay the costs of an appeal and to also advance the filing fee. In Louisiana Power & Light Company v. Lasseigne, supra, the Supreme Court stated the following:
"Although the clerk is charged with primary responsibility of lodging the record in the appellate court and with securing extensions of return date in order that the record may be properly completed and filed, it is not incumbent upon the clerk to seek extended return dates or to file the appellate record when costs and fees have not been timely advanced by the appellant or the record has not been completed for reasons imputable to the negligence, error, or fault of the appellant. It is incumbent upon the appellant to keep informed of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant's losing his appeal." 232 So.2d 284.
The fault in this instance lying with appellants, the motion to dismiss is sustained and, accordingly, appellants' appeal is dismissed at their costs.
Appeal dismissed.