316 So.2d 418 (1975)
Jesse L. CASE, Jr., Plaintiff-Appellant,
v.
Brenda Morgan CASE, Defendant-Appellee.
No. 12713.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1975.
Crawford A. Rose, Jr., Rayville, for plaintiff-appellant.
*419 Hamilton, Carroll & Miller, by Orlando N. Hamilton, Jr., Oak Grove, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
This appeal, in which no transcript has been lodged in this court, is before the court on a motion to dismiss appeal filed by defendant-appellee, in which it is alleged:
(1) A judgment sustaining appellee's exception of res judicata was rendered and signed on December 19, 1974.
(2) Plaintiff filed a motion for new trial which was denied on January 20, 1975.
(3) Plaintiff-appellant was granted orders of suspensive and devolutive appeal with return date fixed on April 17, 1975, and a cash bond was filed.
(4) Appellant was twice notified the record was ready for transmittal and was informed the total costs due were $291, prior to the return date but failed to either request an extension of time or pay costs, which costs including the filing fee due the Court of Appeal.
The essential facts alleged in the motion are supported by an affidavit of the clerk of court. Mover prays that the appeal be dismissed under the authority of LSA-C.C.P. Arts. 2125, 2126, 2127, LSA-R.S. 13:4445, and Huff v. Caldwell, 297 So.2d 463 (La.App.2d Cir. 1974).
Appellant's counsel was notified that pursuant to Rule VII, § 1 of the Uniform Rules of the Courts of Appeal, the motion to dismiss would be submitted to the court without oral argument on the fifth judicial day following that on which the motion was filed and was advised that any opposition to the motion should be filed on or before that time.
Plaintiff-appellant filed an answer to the motion to dismiss in which it is alleged:
(1) The devolutive appeal bond was set at $750 and appellant deposited with the clerk the sum of $750 in cash. Upon being notified that $291 in costs were due appellant asked the clerk to deduct the costs from the cash deposit on hand which the clerk declined to do.
(2) Upon being notified the second time that costs were due, appellant's counsel mailed to the clerk his check for $291 but upon checking with the clerk's office it was learned after the motion to dismiss was filed that the check has not been received and has not been presented for payment to the bank and has not been returned to appellant's counsel.
The answer to the motion to dismiss is signed by appellant's counsel but is not verified and the facts alleged are not supported by an affidavit. The date on which appellant's counsel is alleged to have mailed his check to the clerk is not stated.
LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445 require the appellant to pay to the clerk of the trial court not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal and the filing fee required by the appellate court. LSA-C.C.P. Art. 2161 provides that an appeal shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant. The cases hold that where the record is not timely lodged in the Court of Appeal because of nonpayment of costs and fees for reasons imputable to the negligence, error or fault of the appellant, the appeal is subject to dismissal. See Huff v. Caldwell, supra. Thus, on the face of appellee's motion, the appeal should be dismissed.
*420 However, two issues are raised by the answer to the motion:
(1) Does the deposit of cash pursuant to a devolutive appeal as security for the payment of costs including the preparation of the transcript, relieve the appellant of the necessity of making an additional payment of costs or can that deposit be used for the payment of the costs it is designed to secure ?
(2) Did appellant, in fact, timely mail a check for costs to the clerk and, if so, does that mean the failure of the clerk to lodge the transcript timely is not imputable to the fault of the appellant ?
As to the first issue, LSA-C.C.P. Art. 2124 provides that the security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payments of costs. The article also provides for the determination of the security to be furnished for a suspensive appeal in accordance with certain rules. It is provided that both devolutive and suspensive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal. LSA-C.C.P. Art. 5121 et seq., provide rules concerning bonds in judicial proceedings generally. The security required in connection with an appeal may be furnished in cash or in a surety bond in accordance with the provisions of LSA-C.C.P. Art. 5121 et seq.
The requirement for security contained in LSA-C.C.P. Art. 2124 is entirely separate and apart from the requirements of LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445 requiring the payment of costs no later than three days prior to the return day of an appeal. The security furnished to perfect a devolutive or suspensive appeal should remain intact until the final determination of the litigation for the protection of all persons in interest. There is no statutory authority for the clerk of court to make payments from or apply the proceeds of cash deposited as security in connection with an appeal prior to the conclusion of the litigation. The deposit of cash as security for an appeal does not relieve the appellant of the obligation of paying costs and fees accrued prior to the return day of an appeal. In this case the clerk of court properly declined to apply the cash deposit to the payment of costs and fees.
On the second issue, the answer to the motion raises factual questions related to whether or not a check was timely mailed to the clerk of court by appellant or appellant's counsel. This factual issue cannot be adjudicated by this court on the basis of the ex parte affidavits and allegations presently in the record. It is appropriate to remand the case to the district court for the taking of testimony to clarify the facts on the issue in dispute. Howard v. Hardware Mutual Casualty Insurance Company, 262 La. 216, 263 So.2d 13 (1972); Cobb v. Bergeron, 223 So.2d 483 (La.App. 1st Cir. 1969); Imhoff v. Imhoff, 296 So.2d 462 (La.App. 4th Cir. 1974); Martin v. Garlotte, 245 So.2d 517 (La.App. 1st Cir. 1970).
Accordingly, and for the reasons assigned, it is ordered that this case be remanded to the Fourth Judicial District Court for the taking of evidence on the question of if and when a check in payment of costs was mailed and any other facts bearing on the payment or nonpayment of costs by appellant and whether the failure to timely lodge the record on appeal is imputable to appellant, with the transcript of such proceedings to be forwarded to this court for ultimate decision of the issue presented. The assessment of costs incident to the motion to dismiss appeal is deferred until final determination of the motion.
Remanded.