HALL, Judge.
This appeal, in which no record on appeal has been lodged in this court, is again before the court after remand for the taking of evidence on a motion to dismiss appeal filed by defendant-appellee.
The motion to dismiss is based on the failure of appellant to pay the cost of preparing the record on appeal and the filing fee required by the appellate court in the total amount of $291, within three (3) days prior to the return day of the appeal as required by LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445. The judgment appealed from was rendered and signed on December 19, 1974. A motion for new trial was denied on January 20, 1975. Plaintiff-appellant was granted orders of suspensive and devolutive appeal with return date fixed on April 17, 1975, and a cash bond was filed. The motion to dismiss appeal was filed May 28, 1975. Filed with the motion was an affidavit of the clerk of court, with which appellant takes no issue, which establishes that appellant was twice notified the record was ready for transmittal and was informed of the amount of costs due prior to the return date but the clerk of court never received payment.
Plaintiff filed an answer to the motion to dismiss in which it was alleged that upon being notified of the costs due appellant requested the clerk to deduct the amount from the cash deposit on hand which the clerk declined to do. It was further alleged that upon being notified the second time that costs were due appellant’s counsel mailed to the clerk his check for $291 but upon checking with the clerk’s office it was learned after the motion to dismiss was filed that the check was not received, was not presented for payment to the bank and was not returned to appellant’s counsel.
The answer to the motion to dismiss raised two issues:
(1) Does the deposit of cash pursuant to a devolutive appeal as security for the payment of costs including the preparation of the transcript, relieve the appellant of the necessity of making an additional payment of costs or can that deposit be used for the payment of the costs it is designed to secure ?
(2) Did appellant, in fact, timely mail a check for costs to the clerk and, if so, does that mean the failure of the clerk to lodge the transcript timely is not imputable to the fault of the appellant?
On this court’s first consideration of the motion, it was held as to the first issue that the deposit of cash as security for an appeal does not relieve the appellant of the obligation of paying costs and fees accrued prior to the return date of an appeal as re *356 quired by LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445. As to the second issue, it was held that this factual issue could not be adjudicated on the basis of the ex parte affidavit and allegations in the record. The case was remanded to the district court for the taking of evidence on the question of if and when a check in payment of costs was mailed and any other facts bearing on the payment or nonpayment of costs by appellant and whether the failure to timely lodge the record on appeal is imputable to appellant. Case v. Case, 316 So.2d 418 (La.App.2d Cir. 1975). Pursuant to the remand evidence was taken and transcribed and forwarded to this court.
The evidence taken consisted solely of the testimony of appellant’s counsel. He testified that after receiving the first notice of costs due he contacted the office of the clerk of court and requested that the amount be deducted from the cash deposit on hand which was declined. He then received a letter from the clerk of court dated April 8, 1975, stating that payment had not been received, that the time was getting close, and requesting that appellant either send a check or send an order asking for an extension of time. Counsel had a notation in his files that be mailed his trust account check number 200 on April 11. Counsel testified he signed the check and handed it and an envelope addressed to the clerk to his secretary with instructions to mail it. He could not testify that the check was actually mailed. Counsel testified the secretary, who no longer worked for him, was amenable to subpoena but she was not called as a witness. There was no letter of transmittal written. No action was taken to follow up mailing or receipt of the check for costs.
LSA-C.C.P. Art. 2161 provides that an appeal shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant. The cases hold that where the record is not timely lodged in the Court of Appeal because of nonpayment of costs and fees for reasons imputable to the negligence, error, or fault of the appellant, the appeal is subject to dismissal. Huff v. Caldwell, 297 So.2d 463 (La.App. 2d Cir. 1974).
The testimony of plaintiff’s counsel falls short of proving that the check for costs was mailed to the clerk. The secretary was not called as a witness to testify that the check was actually mailed although she was amenable to subpoena. Plaintiff’s counsel testified that after he handed the envelope and check to the secretary he “promptly forgot about it” and “dismissed it from my mind”. The matter of payment or receipt was not checked on or followed up until after the motion to dismiss was filed more than one month after the return day and after the check was supposedly mailed. There is nothing in the record to indicate that payment of costs has been made or tendered even as of this date several months later.
We hold the nonpayment of costs and fees in this case was due to the fault of the appellant. The record not having been timely filed for reasons imputable to the fault of appellant, the appeal, under the jurisprudence, must be dismissed.
For the reasons assigned, the appeal is dismissed. Costs are assessed to the appellant.
Appeal dismissed.