ELLIS, Judge.
This is a suit by Mrs. Leona Schiaro Howard, individually and on behalf of her minor daughter, Sharon Faye Howard, for damages arising out of the alleged wrongful death of her husband, Hardy W. Howard, Jr., who died of a gunshot wound inflicted by Marvin L. Mobley. Defendants are Mobley, Southern Truck Service, Inc., his employer, Hardware Mutual Casualty Company, its insurer, and Central Mutual Insurance Company, alleged to be Mr. Mobley’s general liability insurer.
After trial on the merits, judgment was rendered in favor of Mrs. Howard, individually, for $5,339.50, against Hardware, Southern, and Mobley. The suit was dismissed as to Central, and no damages were awarded to plaintiff on behalf of her daughter.
From this judgment, Hardware and Southern have appealed. Mobley answered their appeal, complaining of the judgment in several respects. Mrs. Howard also appealed, but her appeal has heretofore been dismissed. See Howard v. Hardware Mutual Casualty Insurance Company, 251 So.2d 642 (La.App. 1 Cir. 1971), rendered by us on June 30, 1971.
Mrs. Margaret Little Mobley, wife of Marvin L. Mobley, is the president and sole stockholder of the defendant corporation, Southern Truck Service, Inc., which operates a restaurant, service station and bunk house catering to trucks. According to her testimony and that of her husband, Mr. Mobley was the manager of the entire operation, including the restaurant. They testified that he was always on call, and was “on duty” whenever he was on the premises. Among his responsibilities, Mr. Mobley was supposed to keep order on the premises. Mrs. Mobley testified that it was important to maintain an orderly place, because a bad reputation would be bad for business. He and Mrs. Mobley lived together in a house owned by her. She was the named insured in a “homeowner’s policy” issued by Central Mutual Insurance Company.
The shooting occurred on September 23, 1967, at about 6:30 p. m. Mr. Mobley had just been relieved at the service station by the night man, and had come to the restaurant for some coffee. Mrs. Mobley was working in the restaurant. The deceased arrived in an automobile with a man and a woman, and came into the restaurant to talk to his father, who was at the counter having a beer. After some conversation, they got into an altercation. Mrs. Mobley asked them to leave. They did so, but began to fight just outside of the front door.
Mrs. Mobley went out the back door and came to the front to ask the deceased’s companions to get him away. Mr. Mobley came out the front door, and the fight broke up. The deceased began to curse and threaten Mrs. Mobley and then Mr. Mobley. Mr. Mobley asked him to leave, sent Mrs. Mobley to call the police, and called for his pistol, which was brought to him from the service station.
The deceased went out to the street, about 200 feet from Mr. Mobley, and continued to threaten and challenge him. Then he advanced onto the property once again and was standing by the car in which he had arrived, which had backed around toward him. Apparently he was 75 to 100 feet from Mr. Mobley at the time that he came alongside the automobile. At that time, Mr. Mobley testified he fired a shot into the ground. He said he did not aim at the deceased, but did point the gun in his general direction. The deceased got into the car and was driven away. Mr. Mobley did not know if he had hit the deceased or not, and so reported to the police, who arrived a couple of minutes later. It is not disputed that Howard died of the gunshot wound at 8:15 p. m. that evening.
*557 The district judge found from the evidence that the shooting was accidental and that Mr. Mobley was grossly negligent in firing the gun as he did. He further found that Mr. Mobley was in the course and scope of his employment when the accident happened.
Defendants Hardware and Southern allege that the court erred in finding them liable for Mobley’s actions under the doctrine of respondeat superior.
Article 2320 of the Civil Code provides:
“Masters and employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
“Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
“In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.”
In interpreting the foregoing as it applies to cases of this type, our courts have held that an employer is not liable for the intentional torts of his employees unless the employee is acting “within the ambit of his assigned duties and also in furtherance of his employer’s objectives.” Bradley v. Humble Oil & Refining Company, 163 So.2d 180 (La.App. 4 Cir. 1964).
Even if it be conceded that the tort committed here was intentional, we think it evident that Mr. Mobley was acting within the ambit of his duties. Contrary to Hardware’s contention, we find that he was on duty at the time of the shooting, although he had been relieved at the service station by the night man. The fact that he may have used excessive force in carrying on his duties does not relieve his employer of liability. Defendants’ arguments to the contrary are conjectural and cannot be accepted in the light of the clear and uncon-tradicted testimony in the record that was given by Mr. and Mrs. Mobley that he was responsible for keeping order on the premises, and the necessity for same. We find that the district judge correctly resolved the issue of liability.
Defendants also complain that the damages awarded were excessive. This argument is based on the uncontroverted fact that Mr-. Howard was, to say the least, a most unsatisfactory husband. He and plaintiff were married just ten months before his death. During this brief period, they were separated more often than not. He openly carried on an affair with another woman, and failed to provide any support for his wife. The district judge found that there was “some love and affection evidenced by the widow and certainly some loss to her as a result of his parting.” He awarded $5,000.00 to her.
Generally speaking, awards in cases such as this are based on the loss of love and companionship of the deceased; the grief and anguish of the bereaved wife, and the loss of support. In this case, it would appear that the loss of the love and companionship of the deceased, who was hardly a model husband, would call for an award of only nominal damages. Plaintiff testified that, despite his shortcomings, she felt some love and affection for the deceased. The evidence as to Mr. Howard’s earning capacity is less than satisfactory, and it appears that he worked sporadically and provided virtually no support for his wife. He was under a court order, issued in a criminal non-support action against him, to pay his wife $20.00 per week as support.
Under the circumstances, we find the award, although high, not to be so excessive as to constitute an abuse of the discretion of the trial judge.
Since plaintiff’s appeal has been dismissed, we cannot consider the failure of the trial court to award damages to plaintiff on behalf of her minor child.
*558 The judgment appealed from is affirmed, at the cost of Southern Truck Service, Inc. and Hardware Mutual Casualty Insurance Company.
Affirmed.