LOTTINGER, Judge.
Mrs. Leona Howard filed suit individually and on behalf of her minor child, Sharon Faye Howard, to recover damages for the death of her husband, Hardy Howard, Jr., as a result of a gunshot wound inflicted by the defendant Marvin L. Mobley. Also named defendants were Mobley’s general liability insurer, Central Mutual Insurance Company; his employer, Southern Truck Service, Inc.; and its insurer, Hardware Mutual Casualty Company.
Judgment was rendered in the trial court on December 10, 1970 in favor of Leona Howard individually against Marvin L. Mobley, Southern Truck Service and *244 Hardware Mutual. The claim against Central Mutual was rejected. The trial court also denied the claim asserted by-Leona Howard in behalf of the minor Sharon Faye Howard, a posthumous child, born two and one-half months after her father Hardy Howard, Jr.’s death, the court finding that the record did indicate that the father would not have supported the child if he had lived.
Hardware Mutual and Southern Truck Service moved for and obtained an order of suspensive appeal to this court returnable March 10, 1971. The required appeal bond was duly filed. On separate motion by Leona Howard, a separate order of de-volutive appeal was signed granting her an appeal returnable on May 10, 1971. Bond for this appeal was also timely furnished. These appeals were answered by Mobley seeking reversal of the finding that he was negligent; and, alternatively, he asserted coverage for his actions under Hardware Mutual’s policy.
Within extensions of the return day granted by the trial judge, the suspensive appeal of Hardware Mutual and Southern Truck Service was timely lodged in this court on April 23, 1971. The case was set for hearing but on May 12, 1971, prior to the hearing date, Hardware Mutual and Southern Truck Service moved to dismiss Leona Howard’s appeal for failure to timely pay the $25.00 filing fee fixed by La.R. S. 13:352(1) and required to be paid by Article 2126 of the Code of Civil Procedure and Rule I, Sec. 10, Uniform Rules, Courts of Appeal.
On June 30, 1971, this court sustained the motion to dismiss Leona Howard’s appeal for failure to pay the $25.00 filing fee. 251 So.2d 642. In the Hardware Mutual and Southern Truck Service appeal the judgment of the trial court was affirmed on September 3, 1971, and the contentions in Mobley’s answer to the appeal were rejected. 253 So.2d 555, writs denied 254 So.2d 620. Since Leona Howard’s appeal had been dismissed, the court was unable to consider her appeal and the claim for damages on behalf of the minor child.
Writs were granted on Leona Howard’s application, individually and on behalf of the minor, to review the judgment dismissing her appeal. 259 La. 769, 252 So.2d 667. The Supreme Court of Louisiana remanded the case to the District Court for the taking of evidence to determine whether plaintiff or her counsel were at fault for failure to timely pay the $25.00 filing fee. 262 La. 216, 263 So.2d 13. After the taking of evidence in the Lower Court, the case was brought into this Court, and we transferred this case to the Supreme Court inasmuch as it had jurisdiction of the matter. 277 So.2d 192. The Supreme Court of Louisiana, at La., 286 So.2d 334 upheld the decision of the Lower Court which had found that plaintiff and her counsel were not at fault for failure to pay the $25.00 filing fee, and the dismissal of plaintiff’s appeal was reversed and the case remanded to this Court for plaintiff’s appeal which is now before us.
The Lower Court awarded plaintiff individually the sum of $5,000.00 for loss of love and affection and also the sum of $339.50 for the expenses of the decedent’s funeral which had not been paid by insurance or social security. In her appeal, plaintiff urges that the amount awarded for loss of love and affection should be increased and that she should be awarded a sum for loss of support. The Lower Court refused to award the posthumous child of Hardy Howard, Jr. any sum for loss of support or love and affection and plaintiff appeals therefrom also.
The opinion of this Court reported at 253 So.2d 555 sets forth a full discussion of the facts. However, we wish to quote two paragraphs from the reasons for judgment of the Lower Court:
“As far as the question of damages the record is clear that the deceased, Hardy Howard, Jr., was not a devoted and dutiful husband and that the short period of his marriage with Leona Howard was a *245 stormy, rocky and erratic one. Nevertheless, there was some love and affection evidenced by the widow and certainly some loss to her as a result of his parting. Therefore, the sum of Five Thousand Dollars is awarded as damages in this respect.
“The posthumous child of Hardy Howard, Jr., Sharon Faye Howard, under the law is entitled to a claim for loss of support during the period of her minority. However, there must be proof in this regard. As pointed out by counsel, the Court can approximate an item of damages of this sort, however, there must be some evidence upon which to make an approximation and there is not the least iota of evidence showing the father’s earnings or capacity to furnish support. Therefore, both the claim of Leona Howard and the claim of her minor child made on behalf of the child for loss of support is denied.”
Plaintiff individually and on behalf of her minor child complains of the failure of the Lower Court to award either her or the child anything for loss of support. There was testimony by plaintiff that her deceased husband had given her some support in cash, but there was no testimony as to any specific amounts. There was no other evidence in the record as to any support by the decedent. Counsel for plaintiff points out that under the jurisprudence the Court can approximate an item of damages of this sort; however, the Trial Judge points out that there is no evidence of any specific sum on which to base such an approximation. There is only the bare statement of the plaintiff that she received some support from the decedent. The Trial Judge apparently felt that plaintiff had failed to carry the burden of proof required of her as to loss of support. The findings of the Lower Court will not be set aside in the absence of manifest error. We find no error in the Lower Court’s findings of fact or application of the law to the facts on this point.
Plaintiff is also appealing from the Lower Court’s award of $5,000.00 for loss of love and affection and asking that this amount be increased. Although the plaintiff was not before us when the defendant appealed to decrease the award for loss of love and affection, we think that this question has been answered in our decision reported in 253 So.2d 555, 557 wherein we held that there was no abuse of the discretion of the trial judge in this regard.
Plaintiff is also appealing from the Lower Court’s failure to award any sum for loss of love and affection of the minor child. We note that the reasons for judgment of the Lower Court do not discuss this point. We do not know whether the Lower Court overlooked this item of damages or whether it was simply its intention not to award any damages for loss of love and affection by the child. It is true that the deceased was not a devoted or dutiful husband and that his short marriage to the plaintiff was stormy, rocky, and erratic. However, regardless of what happened to the marriage of the plaintiff and the decedent, the minor child who was born into the world without a living father certainly has been deprived of the love and affection which he would have given her. Even if the marriage had failed, this child would have had some contact with her father and he would have had some love and affection for her had his life not been taken by the shooting in question. Therefore, an additional sum of $5,000.00 is awarded to the plaintiff in behalf of her minor child, Sharon Faye Howard, as damages for loss of love and affection.
For the reasons herein assigned, that part of the judgment appealed from which rejects plaintiff’s demand for damages for loss of love and affection in behalf of her minor daughter is reversed, and judgment is hereby rendered in favor of plaintiff, Mrs. Leona Howard, in behalf of Sharon Faye Howard, and against defendants, Hardware Mutual Insurance Company, Marvin Mobley, and Southern Truck Service, Inc., jointly and in solido, in the *246 sum of $5,000.00, together with legal interest on said sum from date of judicial demand until paid, these defendants to pay all costs. The remaining parts of the judgment appealed from are affirmed.
Judgment amended and affirmed.