IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-30908
Summary Calendar

---

RENEE ELLEN TOUCHET, Etc., ET AL.,

Plaintiffs,

versus

SHELL OFFSHORE, INC., ET AL.,

Defendants.

---

KIM PULLIN, as natural tutrix on behalf of Kylee Pullin,

Plaintiff-Appellant,

versus

SHELL OFFSHORE, INC., ET AL.,

Defendants,

SHELL OFFSHORE, INC.; OCEAN ENERGY, INC.;
HOUMA INDUSTRIES, INC., a Division of Lor, Inc.;
PETRA CONSULTANTS, INC.; DIVERSIFIED
OILFIELD SERVICES,

Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC Nos. 98-CV-1498, 98-CV-1978 & 98-CV-2302 )

_____

February 24, 2003

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kim Pullin brings this wrongful-death action on behalf of her daughter Kylee Pullin. Kylee's father, William Duck, was killed while working aboard an offshore platform located within the Continental Shelf. Pullin seeks compensation for loss of consortium and support from the platform's owner, Ocean Energy, Inc., and from Petra Consulting, Inc., a contractor working on the platform the day of the accident, as well as from others. The district court granted summary judgment for the defendants upon its finding that Duck had never previously supported Kylee financially and that he and Kylee never had a close relationship. We affirm.

1.      Under Louisiana law, compensation for loss of consortium depends upon the closeness of the relationship between the decedent and the plaintiff. See Buckbee v. Aweco, Inc., 626 So. 2d 1191, 1198 (La. Ct. App. 3 Cir. 1993). It follows that there cannot be damages for loss of companionship and affection if there never was any of the

_____

[*]      Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

same.  In <u>Muse v. Dunbar</u>, 716 So. 2d 110, 116-17 (La. Ct. App. 3 Cir. 1998), for example, the court refused to compensate the plaintiff for loss of consortium arising from the death of his son, noting that the plaintiff had only seen his son sporadically while he was alive.  In <u>Howard v. Hardware Mutual Casualty Co.</u>, 294 So. 2d 243, 245 (La. Ct. App. 1 Cir. 1974), on the other hand, the court concluded that the decedent's daughter, born posthumously, was entitled to compensation for loss of consortium.  But there the record showed that though the decedent and his wife (the girl's mother) had a relationship that was "stormy, rocky, and erratic," the "child would have had some contact with her father and he would have had some love and affection for her had his life not been taken . . . ."  <u>Id.</u>  In this case, however, while there is some evidence that Duck and Klyee saw each other regularly during an eight-month period in 1993 to 1994, the two had not had any contact with each other for over three years when Duck died in 1998.  Further, there is no evidence that Duck was inclined toward establishing ties with his daughter, as in <u>Muse</u>, or that Pullin wanted to help Kylee get to know Duck, despite Kylee's apparent interest in Duck and his family.  The district court therefore did not in err concluding that Pullin had failed to show loss of consortium owing to Duck's death.

    2.    It is not disputed that Kylee was Duck's daughter, but it is not disputed either that Duck had never paid or been ordered to pay child support.  Under Louisiana law, compensation for loss of support is determined by the amount which was actually received in the past.  One of the rationales for this limitation is that support which the plaintiff only hoped to receive is by its nature "highly speculative."  <u>See</u> <u>Marchese v.</u>

3

State Farm Fire & Cas. Co., 396 So. 2d 490, 491 (La. Ct. App. 4 Cir. 1981). Kylee apparently had a statutory entitlement to support, see LA. REV. STAT. ANN. § 9:315.30 (2000), which perhaps makes her claim less speculative than others who have sought anticipated support, cf. Marchese, 396 So. 2d at 491 (refusing to compensate a mother for support she expected to receive from her then eight-year-old son). Nevertheless, Pullin decided not to pursue her petition for court-ordered child support, and Duck showed no willingness to provide financial assistance voluntarily after Pullin and Kylee moved away in 1995. The district court therefore correctly concluded that Kylee had not proven an entitlement to compensation for loss of support.

AFFIRMED.