COVINGTON, Judge:
This is a motion by defendant-appellee, Philip Magliolo, to dismiss the appeal of plaintiffs-appellants, T. H. Davidge and David D. Davidge, on the ground that the appeal was untimely filed.
On December 30, 1975, the trial court rendered judgment against plaintiffs maintaining the exception of ten-years acquisitive prescription of defendant filed in a possessory action converted into a petitory action, and declaring defendant to be the owner of a certain parcel of land in Tangi-pahoa Parish, Louisiana.
On January 23, 1976, defendants petitioned for a suspensive appeal. The order of appeal was signed on January 23, 1976, fixing the return date to this Court as of March 24, 1976, and further fixing the amount of security required to be furnished by appellants at $500.00. The appeal bond was subsequently filed. An extension of the return date was granted until May 21, 1976. No further extension of the return date was requested nor granted. The appellants paid the Court of Appeal filing fee, and also the fees due the clerk of court. However, appellants failed to pay the fees due the court reporter for preparing the transcript of the testimony prior to the return date; consequently the court reporter did not file the transcript with the clerk of court, and the clerk of court did not prepare the record and lodge it timely with the Court of Appeal. Appellee originally filed his motion to dismiss on June 16,1976, based on the untimely filing of the appeal. The record in the suit was not filed until June 30, 1976, which is 40 days after the return date.
This Court is of the opinion that the motion to dismiss should be granted.
Article 2126 of LSA-C.C.P. states:
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
Article 2127 of LSA-C.C.P. reads:
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
Article 2161 of LSA-C.C.P. is as follows:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
LSA-R.S. 13:961 reads, in part:
“Except in pauper cases, the payment of the fees shall be made primarily by the plaintiff, immediately upon the transcription of such evidence, and the court reporter shall not be required to file the transcript with the clerk before payment. Should the plaintiff fail or refuse to make such payment, the defendant or any other party to the suit may make the same and have it assessed as costs. No fee shall be charged for taking evidence on bills of exception, motions, or other pleadings in criminal cases. All copies required to perfect appeals shall be furnished at no additional cost.”
LSA-R.S. 13:4445 states:
*420 “A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
“B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant.”
We have studied the cases holding that where the record is not timely lodged in the Court of Appeal because of nonpayment of costs and fees for reasons imputable to the negligence, error or fault of the appellant, the appeal is subject to dismissal. E. g., Case v. Case, 322 So.2d 354 (La.App. 2nd Cir. 1975); Succ of Silas v. Marciante, 301 So.2d 367 (La.App. 4th Cir. 1974); Huff v. Caldwell, 297 So.2d 463 (La.App. 2nd Cir. 1974). We agree with the cited decisions.
In the instant case the record conclusively shows that the appellants did not pay the costs due the reporter prior to the extended return date so that she could file the transcript with the clerk of court in order for him to meet the said return date. Appellants concede that the costs due the reporter were not timely paid, but that they should not be penalized for this failure, because one of the appellants’ attorneys did not receive any notice from either the reporter or the clerk of court that the reporter had not been paid for her services.
The position of the appellants has been uniformly rejected by the courts of this state. We find the jurisprudence settled concerning the duty of appellant to keep informed of the return date, and to advance timely the filing fee and also to pay timely the costs of an appeal. In Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278, 284 (1970), the Supreme Court stated the following:
“Although the clerk is charged with primary responsibility of lodging the record in the appellate court and with securing extensions of return date in order that the record may be properly completed and filed, it is not incumbent upon the clerk to seek extended return dates or to file the appellate record when costs and fees have not been timely advanced by the appellant or the record has not been completed for reasons imputable to the negligence, error, or fault of the appellant. It is incumbent upon the appellant to keep informed-of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant’s losing his appeal.” (Emphasis added)
We hold the nonpayment of the costs of the court reporter in this case was due to the fault of the appellants.[1] The record not having been timely filed in this Court for reasons attributable to the appellants, the appeal must be dismissed.
For the reasons assigned, the appeal is dismissed. Costs to be paid by appellants.
APPEAL DISMISSED.

. See Imhoff v. Imhoff, 311 So.2d 45 (La.App. 4 Cir. 1975), writ refused La., 313 So.2d 831, relative to the duty of the appellant.