346 So.2d 177 (1977)
T. H. DAVIDGE et al.
v.
Phillip MAGLIOLA.
No. 59002.
Supreme Court of Louisiana.
May 16, 1977.
*178 Arthur W. Macy, Macy, Kemp & McIntyre, Autley B. Newton, Newton & Baham, Hammond, for plaintiff-applicant.
Rodney C. Cashe, Mentz & Cashe, Hammond, for defendant-respondent.
MARCUS, Justice.
Plaintiffs, David Davidge and T. H. Davidge, instituted a possessory action against defendant, Phillip Magliola, claiming possession of certain immovable property located in Tangipahoa Parish, Louisiana. Defendant filed an exception of ten years acquisitive prescription thereby asserting title in himself and converting the suit into a petitory action. On December 30, 1975, judgment was rendered in favor of defendant sustaining his exception of prescription and declaring him owner of the property in question. On plaintiffs' petition, an order of suspensive appeal was granted on January 23, 1976. The order set the return day of the appeal at March 24, 1976 and fixed the appeal bond at five hundred dollars. On February 6, 1976, plaintiffs furnished the appeal bond and in addition paid to the clerk of the trial court the filing fee due to the clerk of the appellate court for lodging the appeal as well as certain listed costs due to the clerk of the trial court for preparation of the record on appeal exclusive of the cost of the transcript. It was indicated on the face of the clerk's bill that a separate bill for the transcript cost would be forwarded *179 by the court reporter. On application of the deputy clerk preparing the record of appeal in which it was represented that the transcript would not be completed by the return day (March 24), the trial judge timely ordered the return day extended to May 21, 1976. The transcript was completed by March 29 and the court reporter mailed a bill for her fee to the attorney representing David Davidge while counsel for T. H. Davidge received no notice of the fee for the transcript. When payment of the fee was not forthcoming, the court reporter refused to file the transcript with the clerk of the trial court. Not until forty days after the extended return day (June 30) was the complete record including the transcript of evidence adduced at trial lodged in the appellate court. Defendant filed a motion to dismiss the appeal on the ground that the failure of plaintiffs to pay the court reporter her fee for the transcript resulted in the record not being timely filed in the court of appeal prior to the extended return day. On September 20, 1976, the court of appeal dismissed the appeal.[1] We granted certiorari to review the correctness of this ruling.[2]
The law favors appeals. Thus, they are to be maintained unless a legal ground for dismissal is clearly shown. Howard v. Hardware Mutual Company, 286 So.2d 334 (La.1973); Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968). In line with this policy, La.Code Civ.P. art. 2161 provides in pertinent part:
. . . An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant.
La.Code Civ.P. art. 2126[3] provides that:
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal. (Emphasis added.)
Which fees are encompassed within the phrase "all costs of preparing the record on appeal" are set forth in La.R.S. 13:4445[4] which in pertinent part provides:
A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:

*180 (1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
Among the fees exacted for preparing the record on appeal which the appellant is obligated to pay in accordance with the above provisions is the cost of transcribing the trial testimony since the transcript is an integral and essential part of the appellate record.
While appellant has the obligation to timely pay the clerk of the trial court all costs of preparing the record on appeal as well as the filing fee required by the appellate court to lodge the appeal (La.Code Civ.P. art. 2126), the statutes also impose two obligations on the clerk of the trial court, the first of which is to prepare the record on appeal. La.Code Civ.P. art. 2127.[5] The other duty imposed on the clerk of the trial court is set forth in La.Code Civ.P. art. 2125,[6] which states:
The return day of the appeal shall be fixed by the trial court at not more than sixty days from the date the appeal is granted, but may be extended by the trial court for sufficient cause, on the application of the clerk, or of the deputy clerk preparing the record of appeal. (Emphasis added.)
This provision clearly imposes a duty on the clerk to apply to the trial court for extensions of the return day with the court then determining whether sufficient cause exists under the circumstances to justify an extension, for the responsibility of weighing the merits of extending the return day rests with the court, not the clerk of court. Consequently, where an appellant fails to advance all costs of preparing the record on appeal (including the cost of the transcript) and the filing fee required by the appellate court to lodge the appeal,[7] the clerk is obligated to seek an extension of the return day. Upon this application, the trial court may grant the extension if sufficient cause has been demonstrated for the appellant's failure to pay the fees or it may refuse any further delay.[8] Non-compliance with this duty is fault attributable to the clerk of *181 court and cannot prejudice an appellant's right of appeal. To the extent that our former decision of Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970) is inconsistent with our views expressed herein, it is overruled.
Applying the aforesaid principles to the instant case, when appellants failed to advance the cost of the transcript within the delay designated by La.Code Civ.P. art. 2126 and La.R.S. 13:4445, they violated an obligation imposed on them by these provisions. However, this breach on their part did not relieve the clerk of the trial court of his obligation to seek an extension of the extended return day from the trial court.[9] His failure in this regard precluded judicial determination of the merits of extending the extended return day to afford appellants an opportunity to pay the cost of the transcript. This neglect is not imputable to appellants. Therefore, we consider that the appeal was improperly dismissed. La.Code Civ.P. art. 2161.

DECREE
For the reasons assigned, the judgment of the court of appeal dismissing this appeal is reversed and the case is remanded to that court for consideration of the merits. The costs in this court are taxed against respondent. The assessment of all other costs will await the final outcome of the appeal.
SANDERS, C. J., concurs in the result.
DIXON, J., concurs.
DENNIS, J., concurs, being of the opinion that fees due the court reporter were not fees due the clerk of court for preparing the record under R.S. 13:444(A)(2).
NOTES
[1] La.App., 339 So.2d 418.
[2] La., 341 So.2d 418.
[3] Subsequent to the present proceedings in the courts below and therefore not applicable here, La.Code Civ.P. art. 2126 was amended by La. Acts 1976, No. 708, § 2, eff. Oct. 1, 1976, to read as follows:

The appellant shall pay to the clerk of the trial court, not later than twenty days after the granting of the order of appeal, all costs as estimated by said clerk for the preparation of the record on appeal, and the filing fee required by the appellate court to lodge the appeal.
The twenty-day time limit may be extended once for not more than twenty additional days by the district judge. Such extension shall be in written form.
Any difference between the estimated costs and the actual costs shall be remitted by the clerk of the trial court or paid by the appellant, as the situation may require, not later than three days prior to the return day or extended return day.
[4] La.R.S. 13:4445(A) was amended by La.Acts 1976, No. 708, § 3, eff. Oct. 1, 1976 (not applicable here) as follows:

A. Not later than twenty days after the granting of the order of appeal, the appellant shall pay to the clerk of the trial court:
(1) The fees as estimated by the clerk of the trial court to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
The twenty-day time limit may be extended once for not more than twenty additional days by the district judge. Such extension shall be in written form.
Any difference between the estimated costs and the actual costs shall be remitted by the clerk of the trial court or paid by the appellant, as the situation may require, not later than three days prior to the return day or extended return day.
[5] La.Code Civ.P. art. 2127 provides in pertinent part:

The clerk of the trial court shall have the duty of preparing the record on appeal.
[6] La.Code Civ.P. art. 2125 was amended by La.Acts 1976, No. 426, § 2, eff. Oct. 1, 1976 (not applicable here) to read as follows:

The return day of the appeal shall be fixed by the trial court at not more than sixty days from the date the appeal is granted on the application of the clerk, or of the deputy clerk preparing the record of appeal. The trial court may grant only one extension of the return day for the appeal of a civil suit, and such extension shall be not more than thirty days. A copy of said extension shall be filed with the appellate court. Subsequent extensions of the return day shall be granted by the appellate court for sufficient cause.
La.Code Civ.P. art. 2125.1 was added by La. Acts 1976, No. 708, § 1, eff. Oct. 1, 1976 (not applicable here) to read as follows:
When a subsequent extension of the return day is granted by the appellate court in accordance with the provisions of Article 2125, notice thereof shall be given by mail by the clerk of the trial court to counsel of record of all parties, and to parties not represented by counsel. The failure of the clerk of the trial court to mail such notice does not affect the validity of the appeal, nor does any error or defect that is not imputable to the appellant affect the validity of the appeal.
[7] La.R.S. 13:961 provides in pertinent part:

Except in pauper cases, the payment of the fees shall be made primarily by the plaintiff, immediately upon the transcription of such evidence, and the court reporter shall not be required to file the transcript with the clerk before payment. Should the plaintiff fail or refuse to make such payment, the defendant or any other party to the suit may make the same and have it assessed as costs. No fee shall be charged for taking evidence on bills of exception, motions, or other pleadings in criminal cases. All copies required to perfect appeals shall be furnished at no additional cost.
[8] Under La.Code Civ.P. art. 2088, the trial court retains jurisdiction after the granting of the order of appeal and the timely filing of the appeal bond to "extend the return day of the appeal, as provided in Article 2125."
[9] It was stipulated by all counsel in oral argument before this court that the clerk did not apply to the trial court for an extension of the extended return day (May 21).