ON MOTION TO DISMISS APPEAL
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
This matter is before us on appellees’ motion to dismiss an unlodged appeal. We grant the motion.
The facts are not in dispute. A devolu-tive appeal was granted to appellant, James A. Slaydon, on April 1, 1977, returnable to this court on May 30, 1977. A bill for estimated costs for preparing the transcript of the trial court proceedings and the required filing fee was sent by the clerk of court to the appellant’s attorney on April 11, 1977. No payment has been received nor has appellant sought an extension of the twenty days in which to make payment as provided for in C.C.P. Art. 2126. As a result, the clerk of court for St. Tammany Parish has not caused the transcript to be lodged with us. Appellees filed the instant motion on June 1, 1977.
It is appellees’ basic position that appellant’s failure to pay the estimated court costs within the delays provided for in C.C.P. Art. 2126 is fault imputable to appellant which results in the untimely lodging of the appeal and is grounds for its dismissal.
Appellant counters with the recent holding in Davidge v. Magliola, 346 So.2d 177 (La.1977), and argues that it was the duty of the clerk to seek an extension of the return day. In brief in opposition to the motion, appellant admits that he did not pay the estimated costs within the twenty day period or seek an extension of an additional twenty days in which to pay the costs. He further admits that as of the day of the return date (May 30,1977) he did not possess the costs, but as of the date of the filing of his brief (June 21, 1977) he was able to pay the same but was withholding such payment pending the outcome of our decision on the motion.
The facts giving rise to Davidge occurred prior to the 1976 amendment to C.C.P. Art. 2126, which article now, in pertinent part, provides:
“The appellant shall pay to the clerk of the trial court, not later than twenty days after the granting of the order of appeal, all costs as estimated by said clerk for the preparation of the record on appeal, and the filing fee required by the appellate court to lodge the appeal.
“The twenty-day time limit may be extended once for not more than twenty additional days by the district judge. Such extension shall be in written form.
Accordingly, our task is to construe the above article with Davidge in mind and to give to each the effect each is entitled to receive. Simply stated, Davidge held that C.C.P. Art. 2125 imposed a duty on the clerk of court to seek an extension of the return day when the balance of the costs due the clerk for the preparation of the record have not been remitted within the three day period prior to the return day. More importantly, the court stated that the clerk’s “failure in this regard precluded judicial determination of the merits of extending the extended return day to afford appellants an opportunity to pay the costs of the transcript. This neglect is not imputable to appellants.” Prior jurisprudence to the contrary was overruled, i. e., Louisiana Power & Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970).
We think the amendment to C.C.P. Art. 2126, above, was designed for a very definite and practical reason. It fixed a reasonable time limit, forty days at the most, in which the estimated costs are to be paid. It requires the clerk to estimate the *1233 costs and to notify the appellant as to the amount. If these costs can not be paid within twenty days it affords appellant, on application to the district judge, an additional twenty days. All of the above requirements can be met prior to the return day. Whether, after the timely payment of costs, the record can be prepared by the clerk to meet the return day is another matter. If it can not, then it is the responsibility of the clerk to seek appropriate extensions.
In the instant matter all of the delays available to appellant to seek judicial determination of the merits of his failure to pay the estimated court costs had lapsed. Under the very terms of Art. 2126, even the district judge was without authority to grant appellant further time. Assuming that the clerk had requested an extension of the return day, it would have served no useful purpose save only to render the intent and purpose of Art. 2126, as amended, completely useless.
Thus, we hold that where an appellant has failed to pay the estimated court costs within twenty days and to seek an extension to pay the same within an additional twenty days as provided for in Art. 2126, as amended, and the record is not prepared and lodged in the court of appeal by the return day, then the appellant is deemed to be at fault and his appeal will be dismissed; and, that where an appellant has failed to pay the estimated court costs within twenty days or to seek an extension and pay the same within forty days, the clerk is under no duty to seek an extension of the return day.
For these reasons, appellees’ motion is granted and this appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.