DOMENGEAUX, Judge.
MOTION TO DISMISS
The plaintiffs-appellees, Alton Tassin and Roy Normand, move to dismiss the appeal of the defendant-appellant, C. A. Rhynes, on the grounds that the appeal was not timely lodged with this court due to the failure of the appellant to timely post the costs of his appeal as required by LSA-C. C.P. Art. 2126. The motion is opposed.
We dismiss the appeal.
Judgment was read and signed on June 17, 1977, and on June 24, 1977 the defendant moved for and obtained an order for a devolutive appeal. Bond was set at $600.00, and the appeal was made returnable to this court on August 23, 1977. The defendant timely filed his appeal bond on July 5,1977, but failed to pay the costs required by LSA-C.C.P. Art. 2126 until August 26,1977, which was three days after the return day.
On August 23,1977, which was the return day, the clerk of the trial court attempted to obtain an extension of return day from the trial judge. In his application for an extension, which is contained in the record, the clerk stated as his reasons for seeking the extension that the appellant had not as yet paid the costs required by Art. 2126, except the $25.00 filing fee due to the clerk of this court. The trial court refused to sign an order for an extension.
The appellate record was not filed with this court until August 29, 1977.
LSA-C.C.P. Art. 2161 provides that an appeal shall not be dismissed for errors or irregularities unless the errors are due to *289 the fault of the appellant. In this case the appeal was not lodged with this court until 6 days after the return day, and the reason for the late filing was due solely to the fault of the appellant in failing to timely post the costs required under LSA-C.C.P. Art. 2126, and constitutes grounds for the dismissal of his appeal. Louisiana Power and Light v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970).
The appellant argues that he did not pay the costs timely because the clerk did not send to him a correct and itemized statement. While this may be true, the appellant was aware that costs were due, and if he questioned the clerk’s statement for costs it was his duty to contact the clerk’s office and obtain a corrected bill.
As stated by our Supreme Court in Louisiana Power and Light v. Lasseigne, supra, the law does not require, “billing for appellate costs and fees by the clerk, but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk.”
While the clerks have the duty to prepare the appellate record and see that it is timely lodged with the appellate court, they have no duty to do so unless the fees are properly paid.
For the reasons assigned the appeal of the plaintiff-appellant is hereby dismissed.
APPEAL DISMISSED.