LANDRY, Judge.
This appeal by plaintiffs, T. H. Davidge and D. D. Davidge (Appellants), on remand from the Supreme Court, 346 So.2d 177 (La.1977), which reversed our dismissal of the appeal as untimely filed, 339 So.2d 418 (La.App. 1st Cir. 1977), is from judgment *291 declaring defendant (Appellee) owner of a certain parcel of land. The judgment appealed was rendered in a possessory action brought by Appellants but which was converted into a petitory action by Appellee’s assertion of ownership. We affirm.
Appellants’ possessory action filed June 30, 1970 alleged their possession of subject property, an unimproved parcel of land, and Appellee’s disturbance thereof by erecting a fence on the land and cutting and burning grass thereon.
Appellee answered the petition on July 23, 1970, denying Appellants’ alleged possession. Appellee also asserted open, continuous, adverse and public possession of the disputed strip since Appellee’s alleged purchase thereof on March 4, 1943. Claiming purchase and ownership by a deed translative of title, Appellee deraigned title to a certain estate which Appellee alleged to be a recognized source of title in Tangi-pahoa Parish. The prayer of Appellee’s answer requests Appellee’s recognition as owner of the land in dispute. On November 19, 1974, prior to trial, Appellee filed a peremptory exception of prescription seeking dismissal of Appellants’ possessory action predicated on Appellee’s alleged possession for more than 10 years.
Trial of the matter was had March 4, 1975, at which time Appellee’s exception of prescription was referred to the merits.In support of his claim of ownership, Appellee produced evidence of his acquisition and unbroken chain of title to his alleged “recognized source of title”. Appellee also offered proof of his open, public, peaceable, continuous, undisturbed possession since his deed acquisition on March 4, 1943.
At the conclusion of the proceedings on March 4, 1975, Appellants requested and were granted a continuance to March 21, 1975, to take the deposition of Appellant D. D. Davidge, who was unable to appear on trial date. On motion of Appellee, trial resumed on October 10, 1975. Appellants did not offer a deposition of D. D. Davidge; neither was Mr. Davidge in court to testify in person. Over Appellants’ objection, Ap-pellee was permitted to introduce evidence of his chain of title, including a patent from the sovereign and a subsequent unbroken line of transfers to Appellee’s “recognized source of title”, thus completing Appellee’s chain of title. The trial court rendered judgment maintaining Appellee’s exception of prescription and declaring Appellee owner of subject property.
Appellants contend the trial court erred in: (1) decreeing Appellee owner pursuant to an exception of prescription; (2) permitting “reopening of the case” by Appellee; and (3) allowing Appellee to expand the pleadings by introducing evidence of title anterior to Appellee’s alleged “recognized source of title”.
We agree with Appellants’ contention that a defendant in a petitory action may not utilize a peremptory exception of prescription as the means of asserting ownership by acquisitive prescription. Montgomery v. Breaux, 297 So.2d 185 (La.1974). Montgomery did, as Appellant notes, restrict the effect of defendant’s exception of prescription to dismissal of plaintiff’s action. The instant case is different from Montgomery. Appellee in this matter has become plaintiff herein by virtue of his conversion of the initial possessory action into a petitory action by asserting ownership of the property in dispute. La.C.C.P. Article 3657. By so doing, Appellee has also judicially confessed Appellants’ possession. Article 3657, above.
As plaintiff in a petitory action, Ap-pellee bears the burden of establishing title. Under the circumstances, Appellee’s exception of prescription to the original possesso-ry action is a matter of no concern. As plaintiff in the petitory action, Appellee must rely on the strength of his own title and must establish such title or suffer dismissal of his action. As plaintiff, Appellee may not assert acquisitive prescription by means of a peremptory exception.
The trial court should not have predicated judgment on Appellee’s exception of prescription. Such procedural error, however, was inconsequential under the circumstances of this case.
*292 Appellee’s answer expressly asserts ownership and sets forth acquisition and' possession sufficient to support a plea of ten years acquisitive prescription pursuant to La.C.C. Article 3479.
The record establishes that upon acquiring the property in 1943, by deed trans-lative of title to several tracts of land, of which subject property forms a part, Appel-lee began residing on the tract of which subject land is a component. Appellee took immediate possession of subject property by repairing a fence thereon, which fence Ap-pellee has maintained continuously since. Appellee leased subject area for a commercial endeavor and gave permission for his lessee to erect signs thereon advertising the lessee’s business. Over the years Appellee has cut the grass on the area in dispute. The record establishes conclusively that Ap-pellee’s possession is sufficient to support his claim of ownership by virtue of 10 years acquisitive prescription.
As noted above, when trial resumed October 10, 1975, the trial court overruled Appellants’ objection to Appellee’s offer of evidence to establish chain of title from Appellee’s alleged “recognized source of title” to the sovereign. The objection was based on the contentions that Appellee had closed his case at the prior hearing and that the evidence offered would enlarge the pleadings. The trial court noted that the case had not been closed, merely continued.
The evidence did not enlarge the pleadings. Appellee asserted ownership and as plaintiff in the petitory action, he bore the burden of proving title. The evidence offered was properly admitted.
Reopening of a case is a matter lying within the sound discretion of the trial court. Clifford v. Recreation and Parks Commission of the Parish of East Baton Rouge, 289 So.2d 373 (La.App. 1st Cir. 1973). Assuming the trial court reopened the case, we find no abuse of his discretion in this regard. Appellants had been granted a continuance to produce additional evidence. Apparently the trial court felt that Appellee had never closed his case and should be afforded opportunity to supplement the chain of title previously offered. It appears the trial court was attempting to afford all litigants equal opportunity to produce whatever evidence they felt was necessary in their behalf. We find such action to be eminently fair and impartial.
The record establishes beyond doubt that Appellee has established title by 10 years acquisitive prescription as well as by unbroken chain originating from the sovereign. While the trial court erroneously predicated its judgment on the exception of prescription, the result is correct because Appellee is clearly entitled to judgment recognizing him as owner on the grounds noted.
The judgment is affirmed at Appellants’ cost.
Affirmed.