PER CURIAM.
This appeal is being dismissed because of appellant’s failure to pay court costs and filing fee in accordance with the last paragraph of LSA-C.C.P. 2126, as amended, not for failure to pay the estimated costs under the first two paragraphs.[1] Appellant has been given benefit of these delays; the transcript was prepared and filed in the record on August 16, 1977, without waiting for the payment of the estimate of costs. These omissions on the clerk’s part are therefore irrelevant. On September 20, well before the return day of October 4, the clerk called Amfac’s attorney’s office and left a message with his secretary giving the amount of costs. Appellant had failed to pay on October 4, so the clerk in accordance with the duty imposed on him, asked the court for an extension. The court denied the request. On these facts we cannot say the court abused its discretion.
Appellant knew of the return date and of his duty under LSA-C.C.P. 2126 to pay all costs prior to that time. Even at that the clerk attempted to secure an extension and failed.
This is not a case like Davidge v. Magliola, La., 346 So.2d 177, or Hawthorne v. Slaydon, 351 So.2d 1231 (La.App. 1st Cir., 1977), reversed La., 353 So.2d 286 (1977). The clerk here has presented the matter to the court.
REHEARING DENIED.

. LSA-C.C.P. Art. 2126
“The appellant shall pay to the clerk of the trial court, not later than twenty days after the granting of the order of appeal, all costs as estimated by said clerk for the preparation of the record on appeal, and the filing fee required by the appellate court to lodge the appeal.
“The twenty-day limit may be extended once for not more than twenty additional days by the district judge. Such extension shall be in written form.
“Any difference between the estimated costs and the actual costs shall be remitted by the clerk of the trial court or paid by the appellant, as the situation may require, not later than three days prior to the return day or extended return day.
Amended by Acts 1976, No. 708, § 2.”