ON MOTION TO DISMISS
Before GULOTTA, BOUTALL and GAR-SAUD, JJ.
GULOTTA, Judge.
Plaintiff moves to dismiss defendants’ appeal on the grounds 1) that defendants did not pay to the clerk of the trial court within 20 days after the signing of the order of appeal estimated costs for the preparation of the record on appeal and filing costs as provided in LSA-C.C.P. art. 2126; 2) that the record was not timely lodged in the Court of Appeal on or before the extended return date; and, 3) that subsequent to filing the motion for appeal and appeal bond defendants filed a petition for voluntary bankruptcy and the trustee, as representative of the bankrupt, is a necessary party and should prosecute this appeal.
Finding no merit to these contentions, we deny plaintiff’s motion to dismiss the appeal.
The motion for appeal was signed on July 15, 1977 and the appeal bond was filed on July 19, 1977. Apparently, defendants were not notified at that- time of the amount of the estimated costs. It was not until October 18, 1977 that a notice was sent to the appellants by the clerk advising that the estimated costs amounted to the sum of $340.00. Defendants were advised to remit the costs to the clerk before November 7, 1977. The estimated costs were paid on October 27, 1977. Although the estimated costs were not paid within 20 days of the order granting the appeal, they were paid within 20 days of the notice of the amount of the estimated costs as prepared by the clerk. Under these circumstances, we cannot say that the payment of the estimated costs was untimely. Defendants had no way of knowing the amount of the estimated costs until such time as they were estimated by the clerk. As was stated in Union Services Industries, Inc. v. Bonner, 344 So.2d 119 (La.App. 2d Cir. 1977):
“ * * * The apparent purpose of the amendment [LSA-C.C.P. art. 2126] is to require payment by the appellant prior to the time the record is actually prepared. * * *
*102 Clearly, the record was not prepared prior to December 27,1977 because on that date a 60-day extension was requested by the court reporter. This request was denied. The record was lodged in the Court of Appeal on February 17, 1978.
Although the record was filed in this court subsequent to the expiration of the extended return date, this irregularity is not imputable to the appellants. LSA-C. C.P. art. 2161; Davidge v. Magliola, 346 So.2d 177 (La.1977).
Finally, the proper party to file the appeal is the aggrieved litigant. At the time that the appeal was filed, defendants had not filed a petition in bankruptcy. We know of no authority, nor have we been cited any, which would require a trustee, appointed in the bankruptcy court, to either file the appeal or join in the appeal. Because a trustee in bankruptcy may or may not intervene on behalf of the creditors in the appeal, an appellant cannot be denied his right of appeal provided the requirements for perfecting the appeal have been met. The motion to dismiss the appeal is denied.

MOTION DENIED.