DOMENGEAUX, Judge.
MOTION TO DISMISS
On October 14, 1977, on motion of the plaintiffs-appellees,[1] we issued an opinion dismissing the appeal of the defendant-appellant, Malcolm Sayes,[2] on the grounds that the appeal was not timely lodged due to the failure of the appellant to timely post the cost of his appeal as required by LSA-C.C.P. Art. 2126. Tassin et al. v. Rhynes et al., 353 So.2d 288.
In our original opinion, we indicated that the clerk of the trial court presented a request to the district judge for an extension of the August 23rd return date on August 23rd for the reason that the appellant had not yet paid the costs as required by C.C.P. Art. 2126.
On December 14, 1977, on rehearing, we recalled our order dismissing the appeal and remanded the case to the trial court for the purpose of having that court conduct a hearing; we felt that our conclusion may not have been fully supported by the record. Tassin et al. v. Rhynes et al., 353 So.2d 288. The record did not indicate the date the extension was presented to the trial court, or the date it was denied, facts which we felt crucial in view of the recent holding of our Supreme Court in Davidge v. Magliola, 346 So.2d 177 (La.1977).
We remanded the case for a determination of the following issues: (1) On what date was the request for an extension presented to the trial court, and (2) on what date was the extension denied and for what reason.
A hearing was held in the trial court on January 27,1978 pursuant to our order. At the hearing, it was determined that on August 23, 1977, the clerk of the trial court submitted to the trial judge an application for extension of the return date, stating as the reason: “Testimony of evidence.” The trial judge refused to sign the application because the reason given was not factually correct; he advised the clerk of court to submit factually correct reasons, i. e., that the costs had not been paid. This advice was given to the clerk of court on August 23, 1977. The clerk of court then re-submitted the application for an extension of the return day on August 26, 1977, stating as the reason that the cost of appeal had not been paid. The trial judge refused to grant the extension because the return date had passed, and the district court no longer had jurisdiction to grant or deny the extension.
In Davidge v. Magliola, supra, our Supreme Court reiterated the principle that the law favors appeals, and that they are to be maintained unless a legal ground for dismissal is clearly shown. In line with this policy, the court held that the failure of an appellant to timely advance costs within the delay designated by LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445 does not relieve the clerk of the trial court of his obligation to seek an extension of the return date from the trial court. We would add that this obligation implies a duty of the clerk of the trial court to seek an extension for factually correct reasons.
The correct reasons for the extension in this case were not presented to the trial court until two days after the return date; hence that omission of the clerk is not im *580 putable to the appellant. Under these circumstances the appeal cannot be dismissed. LSA-C.C.P. Art. 2161.
For the reasons assigned, plaintiffs-appel-lees’ original motion to dismiss is denied.

MOTION DENIED.

. The plaintiffs-appellees are Alton Tassin and Ray Normand.

. The original opinion erroneously listed C. A. Rhynes as the defendant-appellant; C. A. Rhynes was dismissed as a party to the suit on April 15, 1977 on an exception of prescription.