TATE, Justice
(dissenting).
I respectfully dissent.
In Davidge v. Magliola, 346 So.2d 177 (La.1977), we sustained an appeal which had been dismissed because of the appellant’s failure timely to pay court costs. Therein, we overruled Louisiana Power & Light Co. v. Lasseigne, 255 La. 579, 232 So.2d 278 (La.1970), insofar as that decision placed no duty on the clerk of court to attempt to secure an extension of the return date when there was no timely payment of the court costs.
The present decision is not literally inconsistent with Davidge, in that herein the clerk of court applied for but was denied an extended return date. Nevertheless, it is inconsistent with Davidge in that it places the burden upon the attorney to ascertain the amount of court costs due, rather than upon the clerk to let the attorney know when such court costs are determined, a calculation solely within the power of the clerk.
In my opinion, for the same reasons favoring appeal as there expressed by Da-vidge, we should likewise overrule Lass-eigne and revert to the earlier jurisprudence, by which an attorney’s duty to pay the court costs did not arise until he was informed of the amount of court costs due by the clerk. In modern day law practice, once the attorney has perfected his appeal by an order and bond (when required), he should be entitled to rely upon the ministerial function of the clerk of court to inform him as to what amount of court costs are due and when further action on his part is required.
This, indeed, is the tenor of our Code of Civil Procedure articles, which place upon the clerk of the trial court the primary duty of preparing the record and lodging it with the appellate court. La.C.Civ.P. art. 2127. It is true that, before the 1977 amendment, the code article continued this duty of the clerk upon the appellant’s timely payment *181 of the costs of the appeal; but, as the pre-Lasseigne jurisprudence correctly held in my opinion, the appellant’s duty to make such timely payment did not arise under the then-statutory scheme until the clerk notified him of the amount due. It is unrealistic to require a lawyer’s office to call from week to week until finally the amount of costs due are determined by the clerk; and, although East Baton Rouge parish (where this appeal arose) may be current in this regard, in many districts the delays in the transfers and in ascertaining the costs extended for months, even years.[1]
For these reasons I respectfully dissent.

. The 1976 and 1977 amendments of La.C.Civ.P. art. 2126 requiring only the payment of estimated costs (after notice by the clerk) within a short time after the appeal is taken has now eliminated this problem as to future appeals.