*1187 ON REHEARING
By an order of this court, we dismissed the appeal of Daniel Richard, ex proprio motu, on the ground that Richard had not effectuated an appeal in the case of Stelly Construction, Inc. v. Daniel Richard, but that the order of appeal only pertained to the consolidated case of Planters Securities Co., Inc. v. Daniel Richard, et al. This court was notified that the Planters case had been settled, thus, we did not consider the appeal in that case.
Following the dismissal of the appeal in the Steliy case, more documents were filed in the record; namely, the transcript of the arguments for a new trial, a memorandum and a letter submitted to the trial court regarding the motion for a new trial. The memorandum and letter were captioned Stelly Construction, Inc. v. Daniel Richard. A reconsideration of the record along with the additional filings convinces us that we committed error in our dismissal of the appeal. We now agree that Daniel Richard intended to and did appeal the judgment rendered in the Steliy case and not the Planters case.
On January 23, 1978, Steliy Construction, Inc. brought suit against Daniel Richard, seeking to recover $1,920.00 allegedly due Steliy for the clearing of Richard’s land.
On May 3, 1978, Planters Securities Co., Inc. brought suit against Daniel Richard and Steliy Construction, Inc. for damages arising out of an alleged trespass on Planters’ land by defendants.
These two cases were consolidated for trial.
At the beginning of trial, counsel for all parties stipulated that Planters had sustained damages in the amount of $1,300.00. The only issue remaining in Planters was the question as to who was liable for the $1,300.00. The trial on the merits concerned principally the issue of the price to be paid Steliy for the land cleared in error.
Reasons for judgment were filed by the trial court on April 23, 1979. The reasons contained the caption of both the Planters and Steliy cases, but a reading of the reasons reflects that they only dealt with the Steliy case. The trial court awarded Steliy “50% of 12 acres at $165.00 per acre” ($990.00).
A formal judgment was signed June 11, 1979 rendering judgment in favor of Stelly Construction, Inc. and against Daniel Richard for the sum of $990.00 plus interest. This judgment was captioned Stelly Construction, Inc. v. Dan Richard and Planters Securities Co., Inc. v. Daniel Richard, et al. On the same day, June 11, 1979, a motion for a new trial was filed by counsel for Richard. This motion carried the caption of the Planters suit but reflected the docket number of both suits. The motion referred to the judgment rendered on June 11, 1979 (judgment in favor of Steliy and against Richard).
A rule, mailed by the clerk, was addressed to Steliy Construction, Inc., ordering Steliy to show cause on June 22, 1979 why the judgment dated June 11, 1979[1] should not be set aside.
The motion for a new trial was heard on June 22, 1979. The arguments were transcribed, and since our dismissal, have been included in the record. A reading of these arguments reflects that the motion for a new trial concerned only the Steliy case. The memorandum, which has also been included in the record since our dismissal, pertains to Richard’s argument for a new trial in only the Steliy case.
On June 25, 1979, the trial court handed down reasons for denying the motion for a new trial. This document is captioned Planters Securities Co., Inc. v. Daniel Richard, et al. A reading of the reasons, however, reveals that they were reasons for denying the motion for a new trial filed in the Steliy case.
On July 20, 1979, Richard filed a motion for a suspensive appeal wherein he stated:

*1188
“Petitioner desires to appeal suspen-sively from the final judgment rendered in the above cause on the 25th day of June, 1979.”

A cash appeal bond of $1,500.00 was filed July 23, 1979.
No formal judgment appears in the record disposing of the Planters case.
We note that caption errors appear in the record as we have pointed out above. When we consider all the proceedings, however, the judgment in the Stelly case, the arguments of counsel at the hearing on the motion for a new trial, memorandum submitted in support thereof, the fact that the only judgment rendered in these cases was a judgment in the Stelly case, the sequence of events and the dates thereof, we come to the conclusion that the errors of captions were inadvertent and that Richard intended to and did actually appeal the judgment rendered in Stelly Construction, Inc. v. Daniel Richard.
The law of this state favors appeals and appeals are to be maintained unless a legal ground for dismissal is clearly shown. Davidge v. Magliola, 346 So.2d 177 (La.1977). The inadvertent errors of captions herein do not present such a legal ground for a dismissal.
For these reasons, the application for a rehearing is granted, our original order dismissing the appeal herein is hereby vacated and set aside. It is ordered that the appeal herein shall be reinstated and shall be considered as an appeal from the judgment rendered in the case of Stelly Construction, Inc. v. Daniel Richard, bearing our Docket Number 7531.
REHEARING GRANTED; APPEAL REINSTATED.

. This date was erroneously set forth as “1970” in the rule but this was obvious error and should be 1979.