CARTER, Judge.
This is an appeal by the plaintiffs, the heirs of Harvey J. Hebert, from an adverse judgment dismissing their petitory action and recognizing valid title of defendant, the Terrebonne Parish Police Jury, now known as the Terrebonne Parish Consolidated Government (Terrebonne Parish), to certain donated land along Barataría Canal in Ter-rebonne Parish.
Facts
As determined by the trial judge, condensed herein in some instances and amplified in other instances, the chronology of events is as follows:
1.On December 27, 1920, Alcide and Claude LeCompte purchased from Joseph G. LeCompte, the following described property:
A certain tract of land situated in the Parish of Terrebonne, on the left descending bank of the Bayou Terrebonne at about nine miles below the City of Houma, Lying on the East bank of the Barataría Canal, being a part of Section 41 in Township 17, S.R. 18 East; bounded on the North by property of Reginald Blanchard, on the south by property of F.P. Guidry on the East by property of Gustave Pitre, and on the West by the Barataría Canal; being the same property acquired by the present vendor from Octave Aucoin, on the 16th day of April, 1901 VEDE: C.B. W folio 143 et. seq.
2. On August 25, 1923, Alcide Le-Compte and Claude LeCompte, ancestors-in-title of both plaintiffs and defendant, donated the following described strip of land along Barataría Canal to Terrebonne Parish:
A certain tract of land situated in the Parish of Terrebonne, about nine miles below the City of Houma, a short distance from the left descending bank of Bayou Terrebonne, having a front of ten arpents on the property of R.R. Barrow, occupied by his canal, sometimes called Canal Belanger, by depth of one hundred and eight feet, more or less, bounded in front or west by property of R.R. Barrow, North by Reginald Blanchard South by F.P. Guidry, and east or back by other property of donor, all buildings and improvements situated on the property donated being reserved with the right to remove the same, the Police Jury to pay fpr removing same back on donors property. In addition to the grant for said canal the donors agree to a right of way for a public road on their property along said canal 60 feet wide.
3. The act of donation contained the following stipulation:
It is agreed and understood that the property hereby donated is intended in turn to be donated by the Police Jury of the Parish of Terrebonne to the United States of America, and this donation is made for that purpose, to form, together with other property a strip of land three hundred feet wide running from Bayou Terrebonne to the Parish line, it being the intention of donor to convey a sufficient quantity of his land to complete the said width of three hundred feet including the property of R.R. Barrow on which his canal is located.
It is further distinctly agreed and understood, however, that in the event said canal of R.R. Barrow is not taken over by the United States of America, then this donation is to be null, void and of no effect.
4. On November 22, 1924, an act of acceptance of this and several other dona *750 tions of land was executed by the President of Terrebonne Parish, and the act was duly recorded in the public records.
5. On June 11, 1925, Terrebonne Parish paid the sum of $1,000.00 to the LeComptes for reimbursement of expenses incurred in removing buildings from the property.
6. On June 17, 1925, Terrebonne Parish donated to R.R. Barrow certain tracts of land, which included the disputed, property. On the same day, R.R. Barrow conveyed these same tracts, which included the disputed tract, and some of his own property to the United States of America.
7. On March 31, 1927, after acquiring Claude LeCompte’s undivided one-half interest in the property, Alcide LeCompte conveyed a parcel of land, which included the disputed property, to Harvey J. Hebert, ancestor-in-title of the present plaintiffs. The property conveyed is described as follows:
A certain tract of land situated in the Parish of Terrebonne, in this State, on the left descending bank of Bayou Terre-bonne, at about nine miles below the City of Houma, lying on the East bank of the Barataría Canal formerly belonging to R.R. Barrow now to the United States government, being all that part or portion of Section Forty-one (41) in Township Seventeen (17) South of Range Eighteen (18) East as lies below or East of said Canal and being of a triangular shape and containing Fifty-five (55) superficial acres, more or less; bounded on the North by property now or formerly belonging to Reginal Blanchard, on the South by property of Farquhard P. Gui-dry, on the East by property of Gustave Pitre, and on the West by land now belonging to the United States government forming part of the said Barataría Canal property: together with all the buildings and improvements thereon, and all rights, ways, privileges and servitudes thereto belonging.
8. On April 23, 1931, Harvey J. Hebert and Robert P. Blanchard granted a right-of-way to the United States of America for use in constructing, improving and maintaining an intracoastal canal waterway on the disputed tract.
9.On September 17, 1959, the United States of America donated land, which included the disputed property, to Terre-bonne Parish by means of a quit-claim deed.
On April 5, 1983, plaintiffs filed a pet-itory action against Terrebonne Parish, alleging that the original act of donation made by Alcide and Claude LeCompte to Terrebonne Parish was voided of right because the condition contained in the donation, namely that the land be donated to the United States, was not complied with. Plaintiffs allege that, as a result of the non-compliance with the condition contained in the donation, ownership of the property in dispute reverted to their ancestor-in-title and was acquired by them in the March 31, 1927, act of sale.
After trial on the merits, the trial judge determined that plaintiffs failed to prove valid title to the property in question. The trial judge found that, upon compliance with the suspensive condition, the donation had full force and effect and that the act of sale confected after such compliance could not transfer title to property not owned by the vendor at the time of the sale. From this judgment, plaintiffs appeal.
The primary issue before the court is whether the trial judge correctly interpreted a condition placed in the donation from Alcide LeCompte and Claude LeCompte to Terrebonne Parish.
Plaintiffs contend that their ancestors-in-title placed two conditions on the donation, namely that Terrebonne Parish donate the property to the United States and that the United States accept the donated property, including the canal owned by R.R. Barrow and the property in question. Plaintiffs reason that the land was donated for use as the Intracoastal Canal, that the Intra-coastal Canal was never built in this location, and that, as a result, the suspensive condition placed on the donation was never fulfilled. Plaintiffs further reason that the donation was voided of right because of the *751 failure of the Police Jury to donate the property to the United States directly.
In order to prevail in their petitory action, plaintiffs must prove a better title than Terrebonne Parish, relying upon the strength of their own title and not the weakness of the title of Terrebonne Parish. Davidge v. Magliolo, 353 So.2d 289 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1385 (La.1978).
Donations inter vivos are treated in Chapter 5 of Title II of the Civil Code. Although donations inter vivos are generally irrevocable, LSA-C.C. art. 1559 provides:
Donation [Donations] inter vivos are liable to be revoked or dissolved on account of the following causes:
* * * * * *
2. The non-fulfillment of the eventual conditions, which suspend their consummation;
3. The non-performance of the conditions imposed on the donee.
A suspensive condition suspends the execution of a donation and involves the occurrence of an event or circumstance beyond the control of the contracting parties. LSA-C.C. art. 1565; Champagne v. Travelers Insurance Co., 276 So.2d 914 (La.App. 4th Cir.1973). When an eventual condition, which suspends the execution of a donation, can no longer be accomplished, the donation is dissolved of right. LSA-C.C. art. 1565. However, if the condition is potestative, namely, if the donee is obliged to perform or prevent it, its non-fulfillment does not, of right, operate to dissolve the donation; it must be sued for and decreed judicially. LSA-C.C. arts. 1566, 1567 and 3497.
In the case sub judice, the donation by the LeComptes contained two conditions, namely that Terrebonne Parish donate the property to the United States and that the United States accept the donated property, including the canal owned by R.R. Barrow and the disputed property.
The first condition, viz. that Terre-bonne Parish donate the property to the United States, is clearly a potestative condition and not a suspensive one. Terrebonne Parish, the donee, was required by the donation to donate the property to the United States. Arguably, this condition was indirectly complied with in that Terrebonne Parish donated the property to R.R. Barrow, who, in turn, conveyed the donated property and some of his own property to the United States. More importantly, however, non-fulfillment of a potestative condition does not, of right, dissolve the donation. LSA-C.C. art. 1566. The proper remedy is judicial dissolution of the donation, which must be brought within five years from the date the donee failed to fulfill the condition. LSA-C.C. art. 1567; DiMattia v. DiMattia, 282 So.2d 554 (La.App. 1st Cir.1973). Plaintiffs’ ancestor-in-title had five years from the date Terrebonne Parish donated the property to R.R. Barrow in which to revoke or dissolve the donation for non-execution of the condition. Clearly, this was not done within the prescribed period.
The second condition in the donation was that the canal of R.R. Barrow and the donated property be taken over by the United States of America. This condition was suspensive because it was contingent on the will of a third party, viz. the United States of America. LSA-C.C. art. 1565. The condition was fulfilled when the United States of America accepted the Barrow property on June 17, 1925. The condition of the LeCompte donation to Terrebonne Parish did not provide that the canal of R.R. Barrow be taken over by the United States of America and maintained as a canal and/or Intracoastal Waterway. Had this condition been imposed, the result reached herein would likely be different. However, in the case sub judice, the second condition, that the canal owned by R.R. Barrow be taken over by United States of America, was complied with, and the donation became effective. The fact that the canal and donated land was not used for the intracoastal waterway and was subsequently donated to Terrebonne Parish is of *752 no legal consequence under the conditions of the donation.
Since we have reached the conclusions above, it is unnecessary to consider the prescriptive issue raised by Terrebonne Parish.
For the above reasons, the judgment of the trial court is affirmed at plaintiffs’ costs.
AFFIRMED.