GUIDRY, Judge.
MOTION TO DISMISS
The mover-appellee, McDougald Brothers, Inc., third party defendant, seeks to dismiss the appeal of the defendant-appellant, International Paper Company (International), insofar as concerns mover, on the ground that International did not question the trial court’s judgment on the issue of indemnity in its application for a new trial.
The plaintiff, Perry Luttrell, filed suit for damages sustained when a rotten tree owned by International fell on him. Lutt-rell was a woodcutter working for James Cruse. Cruse contracted with McDougald, who in turn had contracted with International, to cut and remove timber on a tract of land where the accident occurred.
Luttrell sued International, and International third partied McDougald pursuant to an indemnification clause contained in the contract between International and McDougald. A trial by jury was held as to the principal demand, and International was found liable to the plaintiff. During the course of the litigation, International raised the statutory employer issue as a defense to the principal demand. The trial court determined that the plaintiff was not a statutory employee of International. The third party demand of International against McDougald for indemnity was dismissed. A formal judgment reflecting all findings was signed on January 15, 1987. International applied for a new trial concerning only the statutory employee issue. The motion for a new trial was denied after a hearing.
International submitted a motion and order for a suspensive appeal to the trial court, which was granted on March 23, 1987. The instant motion to dismiss was filed on June 10, 1987. Mover suggests that International’s appeal against McDougald should be dismissed under authority of La.C.C.P. art. 2161, which provides as follows:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case *8 either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
Mover argues that since International did not seek a new trial as to the issue presented in its third party demand, but only sought a new trial on the statutory employer-employee issue, International has limited itself to appealing only as to that issue. We disagree finding La.C.C.P. art. 2161 inapposite.
International suspensively appealed from the formal judgment signed on January 15, 1987, which adjudicated all issues presented. Our Code of Civil Procedure does not require the aggrieved party to file an application for new trial before appealing nor is there any authority in our law supporting the proposition that one must raise all issues in a motion for a new trial in order to preserve those issues for review in a subsequently filed appeal. The nineteenth century cases cited by mover predate our Code of Civil Procedure and, in our view, are not controlling. As there is no valid authority or practical legal basis for the mover’s position, and considering that appeals are favored in the law [Davidge v. Magliola, 346 So.2d 177 (La.1977) and cases cited therein], the motion to dismiss is denied.
MOTION DENIED.