STOKER, Judge.
MOTION TO DISMISS
The plaintiff-appellee moves to dismiss the appeal of the defendants-appellants, Liberty Mutual Insurance Company and Belden Corporation, on the ground that defendants-appellants have failed to timely act as required by the Louisiana Code of Civil Procedure articles pertaining to procedure for appealing.
On December 4,1987, judgment was rendered in favor of plaintiff-appellee. (R., p. 234). Signing of the judgment occurred on January 20, 1988. (R., p. 235). On March 7,1988 an order granting defendants-appellants a suspensive appeal was signed and a return date of May 7, 1988 was set by the order. (R., p. 238). A suspensive appeal bond in the amount of $18,000 was filed by defendants-appellants on March 7, 1988. (R., p. 240). By oral motion and order, the return day was extended from May 7, 1988 to .July 7, 1988 because defendants-appellants “... had not paid [the] Clerk of Court to file motion, order and bond for suspen-sive appeal.” (R., p. 242).
*392 According to the affidavit of Susie Smith, the Deputy Clerk of Court and Civil Minute Clerk in the Seventh Judicial Court, which was attached to defendants-appellants’ response, counsel for defendants-appellants was advised of the estimated cost of appeal on May 26, 1988. The reason for the delay in notifying counsel of the estimated cost of the appeal was at the time the motion, order and bond were filed the cost reserve for the case was inadequate to process the motion and order. Therefore, the motion and Order of Appeal were not docketed until an additional advance was made by defendants-appellants.
La.C.C.P. 2125 provides:
“The return day of the appeal shall be thirty days from the date estimated costs are paid if there is no testimony to be transcribed and lodged with the record and forty-five days from the date such costs are paid if there is testimony to be transcribed, unless the trial judge fixes a lesser period. The trial court may grant only one extension of the return day and such extension shall be not more than thirty days ...
Immediately after the order of appeal is granted, the clerk of the trial court must estimate the cost of preparing the record for appeal and send notice to the appellant by certified mail of the estimated costs. La.C.C.P. art. 2126. Once the appellant has received notice of the estimated costs, payment to the clerk must be made within twenty days of the mailing of the notice. La.C.C.P. art. 2126. If the estimated costs are not paid within the time period, the trial judge shall order dismissal of the appeal on the grounds of abandonment, or allow the appellant ten days in which to pay the costs, in default of which the appeal will be dismissed as abandoned. La.C.C.P. art. 2126. “An appeal shall not be dismissed because of any other irregularity, or error of defect unless it is imputable to the appellant.” La.C.C.P. art. 2161.
Despite the requirement in Article 2126 that the clerk estimate the cost of the appeal immediately after the order of appeal is granted, the clerk allowed approximately ten weeks to lapse (March 7, 1988 May 26, 1988) before advising defendants-appellants of the estimated costs of the appeal. By affidavit, the clerk of court indicated the delay was due to the failure to docket the appeal because the cost reserve for the case had been depleted leaving insufficient funds to process the motion and order of appeal. The failure of defendants-appellants to deposit additional cost funds with the court to allow the processing of the motion and order of appeal, cannot be imputable to defendants-appellants when no notice of the inadequacy of funds is sent to counsel. Defendants-appellants complied with La.C.C.P. art. 2126 by paying in full the estimated costs of the appeal within twenty days of receiving notice of the estimated costs.
In First Progressive Bank v. Verret, 357 So.2d 100 (La.App. 4th Cir.1978) the plaintiff moved to dismiss defendants’ appeal because the estimated costs were not paid within twenty days of the signing of the order of appeal. Although the motion for appeal was signed on July 15, 1977, notice of the amount of estimated costs was not sent to defendants until October 18, 1977. On October 27,1977, well within the 20 day period, the estimated costs were paid. In denying plaintiff’s motion to dismiss on this ground, the Fourth Circuit stated:
“Although the estimated costs were not paid within 20 days of the order granting the appeal, they were paid within 20 days of the notice of the amount of the estimated costs as prepared by the clerk. Under these circumstances, we cannot say that the payment of the estimated costs was untimely. Defendants had no way of knowing the amount of the estimated costs until such time as they were estimated by the clerk.”
The situation which occurred in First Progressive Bank, supra, is identical to the one in the instant case. In both, the clerk of court for the trial court did not estimate the costs of the appeal immediately after granting of the appeal as required by LSA-C.C.P. art. 2126. The costs in both cases were paid within 20 days of receiving notice of the amount. La.C.C.P. art. 2126. The clerk’s failure to promptly notify defendants-appellants of the estimated costs *393 of the appeal should not be imputable to the appellants. La.C.C.P. art. 2161.
MOTION DENIED.